# Jones *v.* The State.

### Indictment for Carrying Concealed Weapons.

1. *Sufficiency of indictment, in averment of defendant's Christian name.*—An indictment which describes the defendant as "Douglas Jones, *alias* Dug Jones, whose true Christian name is to this grand jury unknown," is inconsistent and self-repugnant, and will not support a conviction.

FROM the Circuit Court of Washington.

[Jones v. The State.]

Tried before the Hon. H. T. TOULMIN.

The indictment in this case, containing only one count, charged that "Douglas Jones, *alias* Dug Jones, whose true Christian name is to this grand jury unknown, carried a pistol concealed about his person," &c. After conviction, the defendant moved in arrest of judgment, on account of the insufficiency of the indictment; which motion the court overruled, and the defendant excepted.

F. B. CLARK, Jr., for the defendant.—Neither the common law nor the statute authorizes such averments as are contained in this indictment.—Clark's Manual, § 2189, and authorities there cited; Code, § 4786. The averments are contradictory of each other, and make the indictment bad for duplicity.

H. C. TOMPKINS, Attorney-General, for the State, cited *Lee v. The State*, 55 Ala. 259; 6 Mod. 116; 1 Camp. 479.

STONE, J.—On a former day of this term, we announced that this case was affirmed, on the authority of *Lee v. The State*, 55 Ala. 259. In that case, the defendant was described as "Eli E. Lee, *alias* Tobe Lee." We held there was nothing in the objection, that the Christian name of the defendant was stated under an *alias dictus*. In the present case, the defendant is described and charged as "Douglas Jones, *alias* Dug Jones, whose true Christian name is to this grand jury unknown." The principle on which we heretofore affirmed this case was, that the true interpretation of the language of this indictment is, that the grand jury, in their finding, affirmed that the defendant's Christian name was either Douglas Jones or Dug Jones, but they did not know which of these was the true Christian name. The principle of our decision would have led to the conclusion, that, unless the Christian name of the accused was either Douglas or Dug, then he was incorrectly described. We overlooked the fact, that by this construction, we gave no operation whatever to the words, "whose true Christian name is to this grand jury unknown;" for the precedent words, "Douglas Jones, *alias* Dug Jones," mean precisely the same thing—nothing more, nothing less. Part of the sworn duty of the grand jury is, to "diligently inquire, and true presentment make."—Code of 1876, § 4755. This duty extends to the ascertainment and presentment of every material fact necessary to constitute a good indictment. Identification of the accused is one of the material facts to be averred; and this is usually done by giving his name. But cases will, and do

arise, in which the grand jury do not know, and can not learn, either some name, or some other material fact to be averred. In such case, unless it be some material ingredient of the offense, without which no crime or misdemeanor would be imputed, the name or fact, as the case may be, may be averred as to the grand jury unknown.—Code of 1876, §§ 4786, 4789, 4790. But this rule is born of necessity, and when the necessity does not exist, the rule does not exist. It is only when the name or fact *is unknown* to the grand jury, the authority to employ that form of expression or charge is permitted. So, when the name or fact is known to the grand jury at the time the indictment is found, the averment that it is unknown is not a true presentment; and if the fact of such knowledge is shown on the trial, it is the duty of the court not to allow a conviction to be had on that indictment, and to direct his acquittal, that a new indictment may be preferred, setting forth the facts truly. In *Duval and Pelham v. The State*, at this term, we had occasion to consider this question; and we there held, that the question is one of variance between the facts found by the grand jury, and the facts developed on the trial before the petit jury.

We confess ourselves somewhat at a loss in determining the true meaning and purpose of the averment in the indictment that the true Christian name of the accused was unknown to the grand jury. They had just averred it was Douglas, or Dug ; and if it was either, the indictment was sufficient, under *Lee's* case. Such averment is the equivalent of saying; either that he was known and called by each of the names, or, possibly, that his true name was one or the other, the grand jury did not know which. If the additional averment had been, " but which of said names is his true Christian name, is unknown to this grand jury," it would have added nothing to the strength or clearness of the indictment, and would probably be treated as surplusage. But that is not its import. It first avers it is one or both of the two names, specifying them, and thus proving that much was known to the grand jury, and then avers his Christian name was unknown. These averments, stated cumulatively, are not consistent with each other. They, in effect, charge the name both as known and unknown, thus making the indictment repugnant to itself. This is such an innovation on the rules of pleading—on the constitutional right of every one accused " to demand the nature and cause of the accusation " against him, and to be accused only " in cases ascertained by law, and according to the forms which the same has prescribed," that we are unwilling to give it sanction.—Declaration of Rights, sections 7 and 8.

We reverse and remand the cause to the Circuit Court, that the indictment may be there quashed. Let the defendant remain in custody, until discharged by due course of law.

