# Noblin v. The State.

*Indictment for Grand Larcency.*

1. *Indictment; plea of misnomer.*—When an indictment designates the defendant as "Robert Noblin *alias* Robert Tate," a plea in abatement, which alleges his name to be Robert Tate, and that he had no *alias*, is bad.

2. *Witness; questions testing recollection of.*—The court may prop-

erly allow questions irrelevant to the issues to be asked a witness for the purpose of testing his recollection, but the extent to which such a course of examination may be pursued is within the discretion of the court.

3. *General charge*—When the bill of exceptions does not purport to set out all the evidence the refusal of the trial court to give the general charge will not be considered on appeal.

4. *General exception to several charges.*—A general exception to the refusal of the court to give two or more charges, will not, on appeal, avail as to any, when one of such charges is the general charge and the bill of exceptions does not purport to set out all of the evidence.

5. *Motion for new trial not revisable in criminal case.*—The action of the trial court in refusing a motion for a new trial in a criminal case is not revisable on appeal.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. HENRY C. SPEAKE.

WM. L. MARTIN, Attorney-General for the State.

HEAD, J.—The defendant was named in the indictment, Robert Noblin *alias* Robert Tate, and he pleaded in abatement that his name was Robert Tate and had no *alias*. The court ruled this bad, and correctly so.

State witness Townsend testified, on cross-examination, that going out of the back gate of the lot in which the mule was kept the road was soft, caused by his digging it to make it level. Defendant's counsel propounded this question to the witness. Did you say that the man that took the horse knew that you had done this? The solicitor objected, objection sustained, defendant excepted. This witness' testimoney preceding this question is all set out in the bill of exceptions, and there is not in it the remotest allusion to the subject matter of the question objected to. If the defendant supposed he could prove by the witness that the man who took the horse knew that the witness had dug the road, he could easily have propounded an appropriate question calling forth the proof. We will not reverse a judgment for the refusal to allow a question so futile and out of place.

There is nothing in the other exceptions to testimony. State witness Whitman testified to an occurrence which he said happened on the first Wednesday in March, and that he remembered that he was in New Market on that day. To test the accuracy of the witness' memory, defendant's counsel asked him if he knew where he was on the first Tuesday in March, and he answered, " Yes, in New Market." Defendant then asked him if he knew where he was on the first day after the first Tuesday in March. Here the

court interposed, of its own motion, and ruled that the question was irrelevant and was taking up the time of the court, to which the defendant excepted. We think the court may properly allow such questions to be put to a witness to test his recollection, but the extent to which such a course of examination may be pursued should be left to the discretion of the court. The evidence is not relevant to any issue, and it is not one of the methods of impeaching a witness. The defendant had no legal right to pursue the examination further than the court, in its discretion, saw proper to allow.

The bill of exceptions does not purport to set out all the evidence. Such being the case we cannot consider the exception to the refusal of the general charge requested by defendant. The second charge cannot be considered because there was no separate exception to its refusal. The exception was to the refusal to give both, the first of which—the general charge—as we have said, cannot be considered because all the evidence is not set out.

We have no jurisdiction to revise the action of the lower court refusing the motion for a new trial. The jurisdiction exists only in civil causes.

Affirmed.