[Newman, et al. v. The State.]

# Newman, *et al. v.* The State.

## *Assault and Battery.*

(Decided May 18, 1909. 49 South. 786.)

1. *Costs; Prosecution; Joint Defendants.*—Where several defendants are jointly indicted for an assault with intent to murder and were convicted of assault and battery and a fine assessed against each, each were liable jointly and severally for the common costs of the joint prosecution, and the court properly required each to confess judgment for the joint costs of the prosecution.

2. *Same; Judgment.*—Where joint defendants in a criminal case are each required to confess judgment for the entire costs of the joint prosecution, the fact that the judgment does not make clear that the satisfaction of an execution against either defendant would not work a satisfaction as to the others, cannot affect the liability of the defendant; the attempt to coerce further payment upon satisfaction of the execution, would be an abuse of process which the trial court could and would prevent.

3. *Same; Contribution.*—Where defendants are jointly indicted and tried and each required to confess judgment for the entire cost, if one defendant is required to pay more than the others, such defendant may require contribution.

4. *Homicide; Assault With Intent; Evidence.*—In order to show the extent of the injuries inflicted by the alleged assault with intent, the prosecuting witness may testify that he had a physician to attend his injuries and that he was confined to his room for ten days.

5. *Same; Instructions.*—Where it appears that the prosecution is against certain peace officers for deliberately assisting in a difficulty between prosecuting witness and a son of one of the peace officers for the purpose of abetting the son, such being the theory of the state, a charge on the duty of peace officers to arrest which ignores this theory of the evidence is properly refused.

6. *Witnesses; Cross Examination; Discretion.*—Where the cross examination attempted would be but a mere repetition of the testimony of a witness already in the possession of the jury, it is within the discretion of the trial court to refuse to permit it, and not reviewable.

7. *Witness; Competency; Wife of Joint Defendant.*—Where the prosecution is against several joint defendants, the wife of one of the defendants is not a competent witness for his co-defendants.

8. *Homicide; Assault With Intent; Evidence; Res Gestae.*—Where the evidence showed a continuous difficulty engaged in between the prosecutor and a son of one of the co-defendants and which was afterwards joined in by the other defendants, evidence that the son was cursing during the progress of the difficulty and had a knife out, was admissible as part of the res gestae of the transaction.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

[Newman, et al. v. The State.]

George Newman and another were convicted of assault and battery, and appeal. Affirmed.

The following charges were requested by and refused to the defendant: "(2) If Thomas Warren had a rock in his hand, and was attempting to use it on Lige Newman, then the defendant had a right to approach said Warren to get him to stop the difficulty, or to throw down the rock, and to stop him from disturbing the peace, and said Warren had no right to resist the defendant, nor to assault him; and if he did resist arrest, or if he assaulted the defendant, then the defendant had a right to use just such force as was necessary to make the arrest or prevent the assault, and if the defendant used no more force than was necessary then they are not guilty. (3) I charge you that the particulars of the difficulty between Lige Newman and Thomas Warren are not material to this case. If said Lige Newman and Tom Warren were in a difficulty, then it was defendants' duty as peace officers to stop the difficulty; and if they used no more force than was necessary, or if you have a reasonable doubt as to whether they used more force than was necessary, to stop the difficulty, then you should acquit the defendant."

BROWN & KYLE, for appellant.—The court erred in requiring each of the defendants to confess judgment severally as to the fine assessed against him, and all of the costs of the case.—95 Ala. 478; 91 Ala. 351; 109 Ala. 387. The judgment is affirmed here and the circuit court will have no power to alter it.—*McArthur v. Dane*, 61 Ala. 339; *Werborn v. Penny*, 76 Ala. 291; 2 Mayf. 185. The court should have required a confession for the fine and a pro rata of the costs.—*Dent v. The State*, 42 Ala. 514; *Coleman v. The State*, 55 Ala. 173. The particulars of the difficulty between Lige New-

man and Tom Warren were not material to the issues on the trial of these defendants for assaulting Tom Warren.—*Mathis v. The State,* 55 Ala. 224; *Campbell v. The State,* 23 Ala. 44; *McCormack v. The State,* 102 Ala. 161; 1 Mayf. 316-317. The acts of Lige Newman cannot be made admissible except upon the theory that there was a conspiracy between the appellant and Lige Newman to assault Tom Warren, and no contention was made along this line.—*Hunter's case,* 112 Ala. 77. The defendants were acting as police officers, and in pursuance of lawful authority when the offense was committed.—Secs. 5209 and 5211, Code 1896. Charges 2 and 3 should have been given.—*Patterson v. The State,* 91 Ala. 58; *Birt v. The State,* 46 South. 859. Mrs. Mayhall was a competent witness for Newman.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State.—The court properly required each defendant to confess severally for all the costs.—*Coleman v. The State,* 55 Ala. 173; *Sayre v. Dawson,* 80 Ala. 444. It was proper to allow the state to show that the other party to the difficulty was also cursing as the defendant had produced part of it.—*Ford v. The State,* 71 Ala. 385; *Elmore v. The State,* 110 Ala. 63. The wife of one defendant is not a competent witness for the other.— *Holly v. The State,* 105 Ala. 100; *Wood v. The State,* 76 Ala. 35. Charge 2 was properly refused as was charge 3.—*Grant v. The State,* 97 Ala. 35.

SAYRE, J.—The defendants, having been jointly indicted and tried on a charge of assault with intent to murder, were convicted of an assault, and a fine assessed against each of them. Each defendant was required to confess judgment for the entire costs of the prosecution. The defendants were jointly and severally liable for the

[Newman, et al. v. The State.]

common costs of the joint prosecution, and there was no error in the ruling of the court here complained of.— *Dent v. State,* 42 Ala. 514; *Dawson v. Sayre,* 80 Ala. 444, 2 South. 479. So far as the costs are concerned, the satisfaction of execution against either defendant will work a satisfaction as to both. This should have been made clear in the judgment; but its failure in that regard does not affect the liability of the defendants. Any attempt to coerce further payment would be an abuse of process, which the court would not fail to prevent on proper application.—*Lockhart v. McElroy,* 4 Ala. 572; *Rutland v. Pippin,* 7 Ala. 469. Between themselves, the defendants, if they paid unequally, could recover contribution one from another.—*Dawson v. Sayre, supra.*

There was no error in allowing the person assaulted to testify as a witness for the state that he had had a doctor to attend his injuries and that he had been confined to his room for 10 days. Both facts might spring naturally from an assault of the character testified to, and had a legitimate tendency to show the extent of the injury suffered by the witness.

Nor was there error in that ruling of the court by which it refused to allow a witness for the state to be asked on cross-examination: "But didn't you just tell the jury that you did not see any one holding him?" The question called for a mere repetition of the witness' testimony already in possession of the jury, the permission or refusal of which lay within the discretion of the trial court. Likewise the question asked of the witness Miller, as to whether the assaulted person had a rock drawn back as if to throw when he was hit, called for a fact to which the witness had clearly testified in the preceding breath.

The evidence showed a continuous difficulty, in which the person upon whom the assault was charged to have

been made and a son of the defendant Newman were first engaged, and which was afterwards joined in by both defendants. That Lige Newman, son of the defendant Newman, was cursing during the progress of the difficulty between him and Warren, was of the res gestae, and admissible for such consideration as the jury might see proper to give it. Likewise of the testimony that Lige Newman had his knife out.

- The wife of the defendant Mayhall was not a competent witness for his codefendant, Newman. This has been repeatedly decided in this court.—*Holley v. State,* 105 Ala. 100, 17 South. 102, and authorities there cited.

Thomas Warren, the person assaulted, and Lige Newman, had been engaged in an altercation, and were standing in a threatening attitude each towards the other, Warren having a stone in his hand, and Newman a knife, when the defendant interfered. It was doubtless the theory of the state, supported by evidence of an unforewarned and violent attack by the defendants, and by other circumstances of similar probative tendency, that the defendants assaulted Warren, not for the purpose of keeping the peace, but with intent to aid and abet Lige Newman in the perpetration of an unlawful assault upon Warren. As peace officers the defendants had the right, of course, to arrest any one committing a breach of the peace in their presence, and to use such force as was necessary to effect an arrest; but if they were not acting in good faith, and were using their office to aid and abet, rather than to prevent, a breach of the peace, or to gratify personal feeling against the person assailed, they cannot find shelter behind their official positions. Whether they acted with one intent or the other was under the evidence a question for the jury, and charge 2, requested by the defendant, was properly refused for the reason that it ignored this aspect of the case.

Charge 3 renewed a proposition in regard to the evidence relating to the difficulty between Lige Newman and Thomas Warren, which had been ruled by the court to the contrary when the evidence was offered, and properly so ruled, as we have seen.

The general charge for defendant was also refused without error.

Upon examination of the whole record, we find no error, and the judgment of the court below will be offirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.