# Ashley *v.* The State.

## *Burglary.*

(Decided Jan. 30, 1912. 57 South. 1027.)

1. *Criminal Law; Separate Indictment; Trial; Judgment.*—Where the defendant was indicted under five separate indictments for burglarizing as many railroad freight cars in the same train at the same time, but was arraigned on only one indictment, and it was agreed in open court that the indictments might all be tried at the same time, and that one trial might stand for all, and the verdict was the finding of guilty on the indictment on which he was actually tried, and the judgment followed the verdict, the defendant was not prejudiced by the existence of the other indictment.

2. *Appeal and Error; Exceptions; Necessity.*—An objection to the conduct of the solicitor in the trial of the cause cannot be reviewed on appeal, where no exception was taken to the ruling of the court thereon.

3. *Criminal Law; Trial; Suspension.*—A defendant is not prejudiced by the suspension of the trial of his case for a sufficient length of time to enable the court to complete the drawing of the venire, already commenced for the trial of another case.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

John Ashley was convicted of burglary and he appeals. Affirmed.

JOSEPH CALLOWAY, for appellant. Counsel discuss errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTYN, Assistant Attorney General, for the State.

PELHAM, J.—There were five indictments against the defendant, charging offenses growing out of and connected with the burglary of railroad freight cars in the same train, and, as set out in the bill of exceptions, "it appearing that said cars were all coupled together and standing on the same track, and that said offenses

[Ashley v. The State.]

were committed at the same time and place, and that
the evidence was given by the same witnesses in each
and every offense charged in each of said indictments,
and that said evidence was the same in each of said
several indictments," it was agreed in open court be-
tween the solicitor, representing the state, and the
defendant, "that said indictments might all be tried at
the same time, and that one trial might stand for all."
The indictment on which the defendant was tried
charged burglary of a railroad car, and it is not shown
what the other four indictments charged; but the rec-
ord shows the arraignment was alone on the one indict-
ment charging burglary, and the verdict was a finding
of guilty on that indictment, and the judgment of guilt
followed the finding of the jury and pronounced the
defendant guilty of the charge of burglary, and sen-
tence was accordingly imposed. It is insisted by coun-
sel for defendant, in brief, that the sentence is unwar-
ranted in law, because of the existence of the other in-
dictments charging the same offense. No motion was
made in arrest of judgment, and the consolidated trial,
if such was had, is shown to have been had by agree-
ment, and the verdict and judgment of guilty and sen-
tence is on but one indictment charging burglary,
upon which the defendant was duly arraigned and
pleaded not guilty. No error prejudical to the defend-
ant is shown because of the existence of the other in-
dictments, even if they were for the same offense (*Per-
kins v. State,* 66 Ala. 457) ; and that other indictments
had been returned is not shown by the record otherwise
than in the agreement of defendant's counsel and the
solicitor set out in the bill of exceptions. The verdict
and judgment of conviction are regular, and appear
to be based alone upon the evidence given on a trial had
on the indictment charging burglary, on which the de-

fendant was duly arraigned and entered a plea of not guilty. The appeal is prosecuted from this judgment finding the defendant guilty on the indictment upon which he was arraigned, and brings no other case before us on appeal for review.

The burglary was proved and admitted on the trial to have occurred on May 19, 1911, in Montgomery county; the goods being taken from the car during the nighttime. The state introduced a witness, Tom Moore by name, who testified to the defendant's commission of the offense jointly with himself and a third party. This witness was an accomplice in the crime; but there was sufficient corroborating evidence introduced by the state to sustain a conviction in the testimony of the witnesses Tom Fitzsimmons and Jim Smith.—*Malachi v. State,* 89 Ala. 134, 8 South. 104; *Bonner v. State,* 107 Ala. 97, 18 South. 226; *Burney v. State,* 87 Ala. 80, 6 South. 391.

The objections to the conduct of the solicitor and objections to evidence are not so presented as that a court of review can consider the questions, as no exception was reserved to any ruling of the trial court on these matters.

During the progress of the trial, and while one of the defendant's witnesses, Alice Abercrombie, was being examined, the court suspended the trial of the case to complete the drawing of a jury in another case, in which the jury had been previously partly drawn. This suspension was objected to by the defendant, and an exception reserved to the action of the court in suspending the trial to complete drawing the jury in another case, and then resuming the trial of defendant's case. The jury in the case on trial was not discharged, and there could not have been a former jeopardy.—*Lyman v. State,* 47 Ala. 686; *Adams v. State,* 115 Ala. 90, 22

South. 612, 67 Am. St. Rep. 17. And if the defendant desired to raise the question of former jeopardy, he should have done so by proper plea.—*Lyman v. State, supra; McCauley v. State,* 26 Ala. 135.

It would appear, from the statement setting out the objection to the action of the presiding judge on the trial, that during the progress of the trial the judge suspended the proceedings only for such a length of time as necessary to draw from the jury box the names of sufficient jurors to complete a venire already partly drawn for the trial of some other case pending in the court. Evidently this was for the purpose of facilitating the trial in another case by giving the clerk an opportunity to prepare a list or venire for that case, and the sheriff time to serve the jurors so drawn, while the case then being tried was in progress, so that the trial of such other case could be promptly had without delay occasioned by waiting on the performance of these duties by the clerk and sheriff upon the termination of the case then on trial. It cannot be doubted that in the transaction of the business of the court and the general administration of justice the presiding judge at nisi prius may, during the progress of a case on trial, suspend the proceedings temporarily, for the purpose of expediting the orderly disposition of other business of the court, whenever the necessities require: and the rights of the parties whose case is on trial are not prejudiced thereby. No injury or prejudice is shown to have resulted to the defendant on trial by the suspension objected to; and no error was committed by the trial judge in delaying the trial for a few minutes that other business of the court might be expedited.

The general charge requested by the defendant was properly refused. The commission of the offense

charged was proven, and there was positive evidence of defendant's guilt by an accomplice and sufficient corroborative circumstances tending to connect defendant with the offense charged to submit the question of his guilt to the jury.

No reversible error is shown by the record, and the case will be affirmed.

Affirmed.