# Johnson *v.* The State.

*Assault and Battery.*

(Decided April 4, 1912.   58 South. 754.)

1. *Indictment and Information; Variance.*—Where the proof showed that the undisputed evidence before the grand jury was that the defendant had committed an assault and battery with a hammer, an indictment charging him with an assault and battery with a weapon the description of which was unknown to the grand jury, was at variance with the proof, and entitled the defendant to the general affirmative charge.

[Johnson v. The State.]

2. *Trial; Reception of Evidence; Objection; Time.*—Where no objection was interposed to the testimony until after it had been given, and the only objection urged was that it was illegal, and no motion was made to exclude it, the objection was properly over-ruled.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

William Johnson was convicted of an assault and battery and he appeals. Affirmed.

C. L. PRICE, for appellant. The defendant was entitled to the affirmative charge because of a variance between the allegations of the indictment and the proof before the grand jury.—*Duval v. The State,* 63 Ala. 12; *Jones v. The State,* 63 Ala. 29; *Childress v. The State,* 86 Ala. 84; *Wells v. The State,* 88 Ala. 240; *Reese v. The State,* 90 Ala. 628; *Winter v. The State,* 90 Ala. 638; *James v. The State,* 115 Ala. 86; *Terry. v. The State,* 118 Ala. 87; s. c. 120 Ala. 298.

R. C. BRICKELL, Attornel General, and W. L. MARTIN, Assistant Attorney General, for the State. The objection to the testimony came too late.—*Ellis v. The State,* 105 Ala. 72; *Downey v. The State,* 115 Ala. 108. The objection was not sufficient, and there was no motion to exclude.—Authorities supra. The defendant was not entitled to the affirmative charge as the evidence was conflicting.—*Turner v. The State,* 97 Ala. 57.

PELHAM, J.—The indictment upon which the defendant was tried charged him with having committed an assault and battery on his wife with a weapon; the description of the weapon being averred as unknown to the grand jury. On the trial Mandy Hamilton, a witness for the state, testified that she was an eyewitness to the assault, and went before the grand jury that returned the indictment against the defendant, and that

she informed the grand jury in the course of her exam-
ination as a witness that the weapon used by the de-
fendant in beating his wife was a hammer; that she
told the grand jury she saw defendant beat his wife
with a hammer, and that the defendant's wife had
stated that it was a hammer that was used by the de-
fendant in beating her. W. P. Woodruff testified as a
witness for the state to the effect that when the defend-
ant's wife came out of the house crying, just after the
assault had been made on her, she "said something
about a piece of iron," but that witness did not see the
assault, and did not know what defendant struck his
wife with; that he was before the grand jury that pre-
sented the indictment, and made the same statement
to them.

It is evident that the description of the weapon used
by the defendant in assaulting his wife was known to
the grand jury, and there was no warrant in law for the
grand jury to aver the fact as unknown. Under the
rule laid down by the Supreme Court, there was a va-
riance between the proof made before the grand jury
and the allegations made in the indictment, and the
court was in error in refusing the general charge re-
quested by the defendant.—*Duvall v. State,* 63 Ala. 12;
*Jones v. State,* 63 Ala. 27; *Childress v. State,* 86 Ala.
84, 5 South. 775; *Wells v. State,* 88 Ala. 240, 7 South.
272; *Reese v. State,* 90 Ala. 628, 8 South. 818; *Winter
v. State,* 90 Ala. 638, 8 South. 556; *James v. State,* 115
Ala. 86, 22 South. 565; *Terry v. State,* 118 Ala. 87, 23
South. 776; *Terry v. State,* 120 Ala. 286, 25 South. 176.

The defendant's objections to certain portions of the
testimony of the state's witness Frances are shown to
have been, not to the questions, but to the evidence
after the witness had testified to matters deemed to be
objectionable by the defendant. No motion was made

[Moore v. The State.]

to exclude, and the only objection assigned to the testimony was that it was illegal. The court was not in error in overruling the objection.—*Ellis v. State*, 105 Ala. 72, 17 South. 119; *Washington v. State*, 106 Ala. 58, 17 South. 546; *Downey v. State*, 115 Ala. 108, 22 South. 479.

For the error pointed out, the case will be reversed. Reversed and remanded.