HANEY v. STATE.    (8 Div. 176.)

(Court of Appeals of Alabama.    July 22, 1924. Rehearing Denied Aug. 19, 1924.)

1. Criminal law ⟜753(2)—General affirmative charge not proper when evidence conflicts and is such that jury may infer guilt beyond reasonable doubt.

A general affirmative charge should not be given for accused when the evidence conflicts and when there is evidence from which jury may be convinced beyond reasonable doubt of defendant's guilt.

2. **Criminal law** &#9901;=>59(4)—**Each of parties to undertaking contemplating commission of crime is guilty of offense committed.**

Where two or more persons enter upon common undertaking which contemplates commission of crime, each of such persons is equally guilty of offense committed, even though he did not commit an overt act

3. **Homicide** &#9901;=>100—**Requested charge that defendant, engaging with others in assault upon prosecuting witnesses could not be convicted of assault in which he did not share, held properly refused.**

In prosecution for assault with intent to murder the L. boys in a difficulty between accused and others on the one side and L. boys on the other, the evidence being that defendant fired at only one of them while his confederates beat the others, requested charge that defendant could not be convicted of charge with reference to the others held properly refused.

4. **Homicide** &#9901;=>161—**Testimony as to extent of injuries to persons assaulted held properly received as material to issue of intent.**

In prosecution for assault with intent to murder, testimony as to extent of injuries of persons assaulted held properly admitted as material to issue of intent to kill.

5. **Criminal law** &#9901;=>368(1)—**Acts of third persons participating in assault, committed during continuous difficulty, held admissible as part of res gestæ.**

In prosecution for assault with intent to murder, evidence of acts of third persons participating in unlawful assault, committed during progress of continuous difficulty, and culminating in crime, is admissible as part of res gestæ.

6. **Criminal law** &#9901;=>696(2)—**Failure to move to exclude answer of witness precludes consideration of error in overruling objection to question.**

Failure to move to exclude answer of witness precludes accused from availing himself of error in overruling objection to question.

7. **Criminal law** &#9901;=>695(6)—**General objection to testimony, part of which was admissible, held properly overruled.**

Where objectionable portion of testimony, some of which was admissible, was not pointed out or specifically objected to, court was justified in overruling objection thereto in its entirety.

8. **Criminal law** &#9901;=>693—**Objection, after witness answered question, held properly overruled as coming too late.**

Objection, after witness answered question to which no objection was made, held properly overruled as coming too late.

9. **Criminal law** &#9901;=>364(1)—**Evidence held admissible as part of res gestæ, in shooting difficulty.**

In prosecution for assault with intent to murder, testimony that accused walked out of certain porch and immediately thereafter gun was fired, and that the shot struck mule near by, held admissible as part of res gestæ.

10. **Witnesses** &#9901;=>329—**Extent of cross-examination to test memory or credibility is discretionary with trial court.**

The extent to which cross-examination of a witness may be pursued to test his memory or credibility is within the discretion of the trial court.

11. **Witnesses** &#9901;=>268(1) — **Overruling objection to question on cross-examination held not error.**

In prosecution for assault with intent to murder, where defendant's witness testified he was at certain store when gun was fired, overruling objection to question put to him on cross-examination, "What were you doing there?" held not error; extent of range of cross-examination being within trial court's discretion.

12. **Witnesses** &#9901;=>327—**Age of witness held within legitimate range of cross-examination.**

Age of defense witness held within legitimate range of cross-examination.

13. **Criminal law** &#9901;=>1170½(3)—**Unanswered question on cross-examination, whether defense witness was full, could not be prejudicial.**

Unanswered question on cross-examination, whether witness for defense was full, could not prejudice defendant.

14. **Witnesses** &#9901;=>372(1)—**Great latitude allowed on cross-examination to show circumstance showing bias or interest of witness influencing his testimony.**

Great latitude is allowed on cross-examination to show any circumstance, though it might otherwise be immaterial, tending to show bias or interest of witness which might influence his testimony.

15. **Criminal law** &#9901;=>1170½(2)—**Question on cross-examination held not prejudicial in view of negative answer of witness.**

In prosecution for assault with intent to murder in difficulty between accused and others, including K. on the one side and L. boys on the other, question on cross-examination of defense witness K., "You made that arrangement with * * * [defendant and his companions] when you saw those L. boys coming," held not harmful, in view of negative answer given by witness.

16. **Criminal law** &#9901;=>1055 — **Failure to reserve exception to solicitor's objectionable remark held to preclude review thereof.**

Failure of accused to reserve exception to solicitor's reference to him as "that red-faced one" held to preclude review of alleged error.

17. **Homicide** &#9901;=>101—**Rule stated as to effect of opprobrious words or abusive language as extenuation or justification.**

Opprobrious words or abusive language may be good in extenuation or justification only in cases of assault and battery and affray, in view of Code .1907, § 6308.

---

&#9901;=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

18. Homicide ⬅➡118(1)—Person must retreat before assault with intent to murder, unless to retreat increases his peril.

Person must retreat before an assault with intent to murder is made, unless to retreat is to increase his peril.

19. Criminal law ⬅➡829(1)—Refusal to give requested charge covered by charges given held not error.

Refusal to give requested charge which was substantially covered by charges given *held* not error.

20. Homicide ⬅➡300(15) — Requested charges held properly refused as ignoring duty to retreat.

In prosecution for assault with intent to murder, requested charges *held* properly refused as ignoring accused's duty to retreat.

21. Homicide ⬅➡300(13) — Requested charge held properly refused as ignoring element of freedom from fault in bringing on difficulty.

In prosecution for assault with intent to murder, requested charge *held* properly refused as ignoring element of freedom from fault in bringing on difficulty.

22. Homicide ⬅➡295(1)—Requested charge as to effect of passion suddenly aroused held properly refused as erroneous.

In a prosecution for assault with intent to murder, requested charge that accused could not be convicted if the shooting was the consequence of passion suddenly aroused by provocative words, threats, etc., *held* properly refused as being inaptly drawn and erroneous.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill Haney was convicted of assault with intent to murder, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Haney, 211 Ala. 614, 101 South. 537.

These requests for instruction were refused to defendant:

"(3) The court charges the jury that the jury may look at the fact, if it be a fact, that Leach used abusive or insulting language to Bill Haney and the other defendants at or near the time of the difficulty, and such language may be taken in mitigation or justification of the offense, as the jury may determine.

"(4) The jury may look to any evidence in the case showing that Leach used opprobrious words or abusive language to the defendant(s) at or about the time of the difficulty, together with other evidence in the case; and, if they believe such words or language were used, they may consider the same in justification or extenuation of the offense."

"(10) If the defendant (Bill Haney) at the time of the shooting entertained a reasonable apprehension of great personal violence, involving imminent peril to life or limb, and could not retreat in safety, or without putting himself at a disadvantage, then the shooting would not be wrongful, and it would be the duty of the jury to acquit him, unless the jury further believe from the evidence that the defendant was at fault in bringing on the difficulty."

"(15) I charge you that the defendant Bill Haney would be authorized to use a gun on Mart Leach if Leach was advancing on defendant or his brothers with a knife, and if defendant Bill Haney or his brothers were in imminent danger of losing his life or their lives, or if either of them were in danger of great bodily harm, provided defendant Bill Haney and his brothers were free from fault in provoking the difficulty."

"(18) If the jury believe from the evidence the defendant Bill Haney did not bring on, provoke, or encourage the difficulty, but was talking to Mart Leach in a peaceful manner and trying to avert a difficulty, and Mart Leach threatened to kill defendant and used a knife in such a threatening manner as to indicate to a reasonable mind that his purpose was to use it, defendant had a right to shoot, having the right to act upon the reasonable appearance of things.

"(19) The court charges the jury that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant Bill Haney acted upon the well-grounded and reasonable belief that it was necessary to shoot at Mart Leach to save himself from great bodily harm, or from death, or that he shot before such pending necessity arose, then this is such a doubt as will entitle the defendant to an acquittal.

"(20) If the defendant Bill Haney, at the time of the shooting, entertained a reasonable apprehension of great personal violence, involving imminent peril of life or limb, then the shooting would not be wrongful, and it would be the duty of the jury to acquit him, unless the jury further believe from the evidence that the defendant Bill Haney was at fault in bringing on the difficulty.

"(21) I charge you that if the shooting was the consequence of passion suddenly aroused by provocative words, threats, and attempt to carry out these threats by using a knife on the accused by either of the Leach boys, you cannot convict the defendant Bill Haney of an assault with intent to murder."

Joe Starnes, of Guntersville, for appellant.

A witness cannot testify to his uncommunicated intention. Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75. Charges 3 and 4 state correct propositions of law, and should have been given. Rogers v. State, 117 Ala. 192, 23 South. 82; Spigner v. State, 103 Ala. 30, 15 South. 892. It was error to refuse charge 20. Keith v. State, 97 Ala. 32, 11 South. 914.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges 3 and 4 were inapplicable to this case. Code 1907, § 6308. Charges not predicating a finding upon the evidence are correctly refused. Edwards v. State, 205 Ala. 160, 87 South. 179.

FOSTER, J. Defendant was jointly indicted with Adkins Haney and Tom Haney for an assault with intent to murder. The

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

indictment contained three counts each differing from the other in the name of party alleged therein to have been assaulted. The parties alleged to have been assaulted are Mart Leach, Homer Leach, and Jim P. Leach. A severance was demanded and ordered as to Tom Haney. Adkins Haney was convicted of an assault. Bill Haney was convicted of an assault with intent to murder and prosecutes this appeal.

The evidence shows that during the month of May, 1922, the three Leach boys, Mart, Homer, and Jim P., drove up to the little village of Union Grove in Marshall county, Ala. A large crowd was present, it being Saturday afternoon and a ball game having been played near by. Among the crowd were the four Haney boys, Tom, Bill, Adkins, and Harry. The evidence further shows that words between the Leach boys and the Haney boys and one Will King gave rise to a general mêlée, the one element, consisting of the Haney boys and Will King, siding against the other element, consisting of the Leach boys. As to who was at fault in bringing on the difficulty, there was a sharp conflict in the evidence. The evidence of the state, however, tended to show that Tom Haney and Bill Haney were the instigators of the trouble.

[1] The general charge in favor of the defendant was requested and properly refused. A general affirmative charge in favor of the accused should not be given when there is a conflict in the evidence and when there is evidence from which the jury may be convinced beyond a reasonable doubt of the guilt of the defendant. Hargrove v. State, 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126; Barber v. State, 151 Ala. 56, 43 South. 808.

[2, 3] The defendant insists that there was error in the refusal of the court upon request to instruct the jury that the defendant could not be convicted of an assault with intent to murder either Homer Leach or Jim P. Leach. It is true that no act of violence appears from the evidence to have been directed by defendant against either of the parties named, but solely against Mart Leach, who, according to the evidence of the state, was thrown at and shot at by defendant. Both of the parties, Homer Leach and Jim P. Leach, were struck over the head with a baseball bat by 'Harry Haney and severely injured. We think that the request for such charge, or charges, was properly refused.

Where two or more persons enter upon a common undertaking, whether by prearrangement, or entered into on the spur of the moment, and that undertaking contemplates the commission of a criminal offense, each of the parties to the undertaking is equally guilty of the offense committed, whether he did an overt act or not. This rests upon the principle of law that one who is present, encouraging, aiding, abetting or assisting, or who is ready and willing to aid, abet, or assist the active perpetrator in the commission of the offense, is a guilty participant, and is just as guilty as the one who does the act. Turner v. State, 97 Ala. 57, 12 South. 54; Maloy v. State, 8 Ala. App. 73, 62 South. 961; Tanner v. State, 92 Ala. 1, 9 South. 613.

[4] The testimony of Homer Leach and Jim P. Leach as to the extent of their injuries was proper subject of inquiry as being material to the issue of whether or not there was an intent to kill. Jacobs v. State, 146 Ala. 103, 42 South. 70; Brown v. State, 142 Ala. 287, 38 South. 268; Newman v. State, 160 Ala. 102, 49 South. 786.

[5] Exceptions were reserved to the rulings of the court admitting evidence as to what was done by Tom Haney and Harry Haney during the time of and at the place of the difficulty. Insistence is made that the admission of such evidence constitutes reversible error, in that neither of the two parties were on trial, and further that Harry Haney had not been indicted. Evidence of the acts of third persons participating in the unlawful assault, committed during the progress of a continuous difficulty, and culminating in the commission of the crime, is clearly a part of the res gestæ and admissible. Newman v. State, 160 Ala. 102, 49 South. 786; Young v. State, 149 Ala. 16, 43 South. 100; Shirley v. State, 144 Ala. 35, 40 South. 269; Hall v. State, 130 Ala. 45, 30 South. 422; Blount v. State, 49 Ala. 381.

[6] Mart Leach, witness for the state, was asked on direct examination: "Now, were you going to the house where Bill Haney was?" The question was objected to by defendant, but the answer was not followed by a motion to exclude. Failure to move to exclude the answer of a witness precludes the defendant from availing himself of an erroneous ruling of the court overruling objection to the question. Rector v. State, 11 Ala. App. 333, 66 South. 857; Johnston v. State, 4 Ala. App. 62, 58 South. 754.

[7, 8] Objection was interposed by defendant to certain testimony of witness Jim P. Leach, which contained a statement that "Bill Haney shot at him" (Mart Leach). However, the objectionable portion of such testimony was not pointed out or specifically objected to. Some of such testimony was admissible, and this justifies an overruling by the court of it in its entirety. Furthermore, no objection appears to have been interposed to the question eliciting the answer. An objection after the question has been answered comes too late. Dupree v. State, 148 Ala. 620, 42 South. 1004; Traylor v. State, 100 Ala. 142, 14 South. 634; Powell v. State, 5 Ala. App. 75, 59 South. 530.

[9] Witness for the state Jesse Windsor testified that Bill Haney was walking out of Hough's porch and that immediately thereafter a gun was fired. He testified further that "the shot struck a mule beside the of-

fice." This evidence was admissible as constituting a part of the res gestæ. Jackson v. State, 177 Ala. 12, 59 South. 171; Hammond v. State, 147 Ala. 79, 41 South. 761.

[10-15] Will King, witness for defendant, testified that he was at Hough's store at the time the gun was fired. He was asked upon cross-examination.: "What were you doing there?" Objection by defendant to this question was overruled and an exception reserved. The extent to which the cross-examination of a witness may be pursued to test his memory or credibility is within the discretion of the trial court. Noblin v. State, 100 Ala. 13, 14 South. 767; Smiley v. Hooper, 147 Ala. 646, 41 South. 660. The age of the witness was also within the legitimate range of cross-examination. The question propounded to the same witness as to whether he was "full" was never answered by the witness, and no injury to the defendant could have resulted therefrom. This witness was further asked upon cross-examination: "You made that arrangement with the Haneys when you saw those Leach boys coming?" Great latitude is allowed on cross-examination to show any circumstance, though it might otherwise be immaterial, tending to show bias or interest of the witness which might influence his testimony. Hinds v. State, 55 Ala. 145; Whitsett v. Belue, 172 Ala. 256, 54 South. 677; Brooks v. State, 8 Ala. App. 277, 62 South. 569. Moreover, the question was answered in the negative and defendant cannot complain of any injury.

Lee Bentley, witness for defendant, was asked by state: "What was said?" Objection was made to the question, but no motion to exclude the answer followed. If any error was committed, it was waived by failure of the defendant to move to exclude the answer. Authorities supra.

[16] Defendant insists that error was committed in the reference of the solicitor to the defendant as "that red-faced one." However, no exception was reserved, and the question is not properly presented for review. Ashley v. State, 3 Ala. App. 84, 57 South. 1027; Stone v. State, 105 Ala. 60, 17 South. 114.

[17] Charges 3 and 4 are not correct statements of the law in cases of assault with intent to murder. Opprobrious words or abusive language may be good in extenuation or justification only in cases of assault, assault and battery, and affray. Code 1907, § 6308; Prior v. State, 77 Ala. 56.

[18] Charge 10 is incorrect in that it authorizes the shooting unless defendant could not have retreated in safety. The law is that he should have retreated before an assault with intent to murder is made unless to have retreated would have increased his peril. Even though retreat would not have been safe, it should have been resorted to unless his peril would thereby have been in-

creased. Pugh v. State, 132 Ala. 1, 31 South. 727; Bell v. State, 115 Ala. 25, 22 South. 526.

[19] Charge 13 is substantially covered by given charge 9 and the oral charge of the court.

[20] Charges 15 and 20 ignore defendant's duty to retreat. Bondurant v. State, 125 Ala. 31, 27 South. 775.

Charge 16 was fully covered by the oral charge of the court.

Charge 18 pretermits defendant's duty to retreat, and this distinguishes it from charges held to have been proper in case of Gibson v. State, 91 Ala. 64, 9 South. 171.

[21] Charge 19 ignores the element of freedom from fault in bringing on the difficulty and was properly refused. Howard v. State, 110 Ala. 92, 20 South. 365; Boulden v. State, 102 Ala. 78, 15 South. 341.

[22] Charge 21 appears to be inaptly drawn. As it stands it does not state a correct proposition of law.

All of the assignments of error insisted upon by counsel for appellant have been carefully considered. We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.