142 So. 437

## BONE v. STATE.

### 7 Div. 832.

Court of Appeals of Alabama.
March 22, 1932.

Rehearing Denied April 19, 1932.

Motley & Motley, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

From a judgment of conviction for the offense of assault with intent to murder, this appeal was taken.

■ Appellant complains at the rulings of the court in allowing the state to prove the relative size of the defendant and of Spear, the alleged injured party; also, the extent and nature of the injury admittedly inflicted upon Spear by the accused, and his condition. In these rulings there was no error. Hicks v. State, 21 Ala. App. 335, 108 So. 612, 613, certiorari denied 214 Ala. 675, 108 So. 614; Bodine v. State, 18 Ala. App. 514, 93 So. 264; Brown v. State, 142 Ala. 287, 38 So. 268; Jacobs v. State, 146 Ala. 103, 42 So. 70; Newman et al. v. State, 160 Ala. 102, 49 So. 786. In Hicks v. State, supra, this court held: In cases "growing out of a mutual rencounter, the age, weight, height, and health of the parties engaged in the difficulty are relevant and proper inquiries to go to the jury * * * as affecting the acts and motives of the parties concerned." In Haney v. State, 20 Ala. App. 236, 101 So. 533, it was said the extent of the injuries was proper subject of inquiry as being material to the issue of whether or not there was an intent to kill. In Jacobs v. State, supra, the Supreme Court of Alabama held it was competent for the state to show the condition of the injured party shortly after the alleged assault, by a witness not shown to be an expert.

Other rulings of the court upon the admission of evidence are equally free from injurious error. No discussion of the questions raised in this connection is necessary.

■ The oral charge of the court when considered as a whole, which must be done, is free from reversible error. The exceptions thereto are without merit and cannot be sustained.

■ The oral charge of the court, coupled with the several charges given at the request of appellant, fairly and substantially covered such of the refused charges as properly stated the law. Refused charges 1 and 2 were refused without error.

No error of a reversible nature appears in any of the court's rulings. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.