Court Clerk — Fees — Small Claims — Criminal Cases The court clerk shall docket the judgments from small claims actions in the district court judgment docket. Title 20 O.S. 1202 [20-1202] (1968), applies to Title 12 O.S. 1764 [12-1764] (1968), and the sum of $1.00 should be set aside for the Law Library Fund from the fee collected for the filing of an action, counterclaim or set-off under the provisions of the small claims procedure act. Under the provisions of Title 28 O.S. 54 [28-54] (1968) and Section 28 O.S. 153 [28-153] (1968), only one fee can be collected by the Clerk of the District Court in each case where a conviction results. It is discretionary with the Court whether or not the fee is apportioned between the defendants, but each defendant convicted is jointly and severally liable for the entire fee, though only one "flat charge" could be enforced. The Attorney General has had under consideration your letter wherein, in effect, you ask the following questions: 1. Shall the Court Clerk as a matter of course docket the Judgments from Small Claims Actions in the Judgment Docket? 2. Shall the Court Clerk pay $1.00 of $3.00 collected for fees in Small Claims Actions to the Law Library Fund, and if so how much is collected for said fees from those filing counterclaims or set-offs? 3. Shall the Court Clerk in a criminal action where two or more defendants are charged collect the full flat fee provided in 28 O.S. 54 [28-54] (1968), for misdemeanors and 28 O.S. 153 [28-153] [28-153] (1968), for felonies from each defendant or shall the flat fee be apportioned equally among convicted defendants? Title 12 O.S. 701 [12-701] (1961), provides, "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action." In Title 12 O.S. 1751 [12-1751] — 12 O.S. 1768 [12-1768] (1968), inclusive, provision is made for the docketing of claims for an amount not to exceed $400.00 in the district courts under the small claims procedure act. There are no provisions found in the Oklahoma Statutes referring to the transfer of small claims judgments to the district court judgment docket. Since small claims actions are filed in the district court, and appeals from the judgment rendered under small claims procedure are made to the Supreme Court, all judgments must be entered in the journal of the court as set out in 12 O.S. 701 [12-701] (1961), supra. Therefore, the Attorney General is of the opinion that your first question should be answered in the affirmative and the court clerk shall, as a matter of course, docket the judgments from small claims actions in the district court judgment docket. In regard to your second question, it appears that 20 O.S. 1202 [20-1202] (1968), would apply. This section states in part: "On the commencement in, . . . the district court, . . . and any court of record of any county of this state, to which this Act applies, of any civil action, proceeding or appeal, the clerk of said court, on filing the first papers therein, shall set aside in a separate fund designated as the 'Law Library Fund' the sum of $ 1.00 as costs from any deposit for costs made by the party instituting or filing such civil action, proceeding or appeal; and, where no deposit for costs has been made by such party, or is insufficient, he shall be required to pay to the clerk of said court the sum of $ 1.00 as costs for said Law Library Fund, except where such actions or proceedings are filed or prosecuted in forma pauperis. Each intervener in such actions or proceedings, and each cross-petitioner or party seeking affirmative relief in such actions or proceedings, on his appearance therein, shall pay to the clerk of said court the sum of $ 1.00 as costs for said Law Library Fund. . . ." Under 12 O.S. 1764 [12-1764] (1968), a fee of $3.00 is charged and collected for the filing of the affidavit for the commencement of any action, or for the filing of any counterclaim or set-off under the provisions of the small claims procedure act. It is the opinion of the Attorney General that 20 O.S. 1202 [20-1202] (1968), is applicable and $1.00 should be set aside for the Law Library Fund from the fee collected for the filing of an action, counterclaim or set-off under the provisions of the small claims procedure act. With respect to your third question, the majority of jurisdictions have held that where two or more persons are jointly tried and convicted, that each was chargeable with the entire cost, though only one payment can be enforced. Newman v. State, 160 Ala. 103, 49 So. 786; Arnold v. State, 76 Wyo. 445,306 P.2d 368; 65 A.L.R.2d 865, Section 4. Title 28 O.S. 54 [28-54] (1968) and Section 28 O.S. 153 [28-153] (1968), provide that in case of conviction of the defendant, the Clerk of the District Court shall charge and collect $15.00 in each misdemeanor case and $20.00 in all criminal cases in which the defendant is convicted of a felony. Since the Oklahoma Statutes refer to a flat charge in each case and make no mention of defendants in a joint actions, it is the opinion of the Attorney General that only one fee can be collected by the Clerk of the District Court in each case where a conviction results. It is discretionary with the Court whether or not the fee is apportioned between the defendants, but each defendant convicted is jointly and severally liable for the entire fee, though only one "flat charge" could be enforced. (Tim Leonard) ** SEE: OPINION NO. 70-130 (1970) **