(127 So. 790)

## GIBBS v. STATE.

### 8 Div. 188.

Supreme Court of Alabama.

April 17, 1930.

A. H. Carmichael, of Tuscumbia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BROWN, J.

The petitioner complains that the Court of Appeals erroneously applied the doctrine of error without injury to the ruling of the trial court, in sustaining the solicitor's objection to the question asked the witness Mrs. Burrows, the wife of the party killed: "Now that morning, Mrs. Burrows, had Mr. Burrows been drinking all night?" In disposing of this ruling, the Court of Appeals observed: "The Court should have allowed Mrs. Burrows, the wife of the dead man, to testify that deceased had been drinking 'all night' immediately preceding the morning of the homicide, but in view of the undisputed evidence that deceased was under the influence of whiskey when he went into the house where defendant was and within a few minutes before the difficulty, this is not such error as will serve as a predicate for a reversal."

■ This statement of the facts in the opinion of the Court of Appeals, relating to this ruling, under our decisions, does not warrant us in holding that the Court of Appeals erroneously applied the doctrine of error without injury. Campbell v. State, 216 Ala. 295, 112 So. 902; Ex parte Steverson (Robinson v. Steverson), 211 Ala. 597, 100 So. 912.

■ The same is true in respect to the question put to the defendant by the solicitor on cross-examination, and made the basis of the fifth assignment of error.

We find nothing in the other questions presented to warrant a reversal of the judgment of the Court of Appeals.

Writ denied.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.