(138 So. 425)

## RESMONDO v. STATE.
### 1 Div. 38.

Court of Appeals of Alabama.
Dec. 15, 1931.

S. C. Jenkins and T. W. Gilmer, both of Bay Minette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

■ The defendant was indicted on a charge of murder in the first degree for the killing of one Tom Lord. On his trial he was convicted of manslaughter in the first degree and sentenced to a term of ten years in the penitentiary. The undisputed facts as shown by this record are as follows: Tom Lord was a man of violent, turbulent, bloodthirsty character; he came to the home of defendant about supper time under the influence of whisky; deceased was mad with defendant at the time because defendant had failed to haul a load of wood; deceased began to upbraid defendant for not hauling the wood and then demanded that defendant take him to a certain game, down at some point in Florida; defendant tried to excuse himself for failing to haul the wood and refused to take deceased to Florida; defendant tried to get deceased to go home, which he refused to do; deceased finally became enraged, drew a knife, and was making unprovoked assault on defendant, when defendant called to his son to hand him his shotgun, and, on receiving same, shot deceased, once in the bowels and once in the face; both of these shots were fired at close range, and either of them was sufficient to produce death. Deceased died immediately as a result of either one or both of said wounds and with the knife with which he made the assault still open in his hand. There are some circumstances tending to prove that the second shot was fired after deceased was down, but, if so, that fact cannot affect a decision on the questions involved in this appeal.

■■ This being the state of the evidence, the defendant requested the court in writing to give the following charges on the effect of the evidence:

"Charge No. 10. The court charges the jury that the effect of the evidence in this case is that the defendant was not the aggressor in the difficulty resulting in the death of the deceased.

"Charge No. 10A. The court charges the jury that the effect of the evidence in this trial is that the defendant was not the aggressor in the difficulty resulting in the death of the deceased, that the defendant was in his own house yard and was under no legal obligation to withdraw or retreat before the attack of the deceased and that the deceased attacked the defendant with an open knife, without legal justification for the attack of

the deceased, and that the defendant killed the deceased.

"Charge No. 11. The court charges the jury that the effect of the evidence in this case is that the defendant was in his own house yard and was under no obligation to withdraw or retreat from the attack made upon him by the deceased.

"Charge No. 12. The court charges the jury that the effect of the evidence in this case is that the deceased attacked the defendant with an open knife without legal justification or provocation by the defendant, and that the defendant then and there killed the deceased."

The facts being undisputed, the defendant was entitled to have the charges given as requested. Code 1923, §§ 9507 and 9509. These charges do not invade the province of the jury nor take away the right to weigh the evidence. Upon this point the jury had already been fully and ably instructed by the court. Being an undisputed state of facts, the question was one of law to be passed upon by the court as to its effect.

The cause was well tried, and the court properly charged the jury on the law of homicide and of self-defense, but for the error in refusing the charges above quoted, the judgment is reversed, and the cause is remanded.

Reversed and remanded.