145 So. 499

## BISHOP v. STATE.

### 7 Div. 160.

Supreme Court of Alabama.

Nov. 25, 1932.

Rehearing Denied Jan. 27, 1933.

Miller & Miller, of Gadsden, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., for the State.

## KNIGHT, J.

The petitioner, Charlie Bishop, was convicted of the offense of an assault with intent to murder, in the circuit court of Etowah county. From the judgment and sentence in the case, he prosecuted an appeal to the Court of Appeals, and in which court his conviction and sentence was affirmed. 145 So. 497. He now files his petition for certiorari to the Court of Appeals to review and reverse the judgment of said court.

■ Petitioner's first insistence for error is the circuit court erred in sustaining the objection of the state to the following question propounded on cross-examination by defendant to the witness Ray Phillips, the party assaulted: "Did not you carry that gun to make them turn out those cows whether they wanted to or not?" The Court of Appeals, while holding that this question was a proper one, held that it was error without injury, and that it so appeared upon a consideration of the entire record. We will not, therefore, under the uniform holding of this court, explore the whole record to determine whether there was prejudicial error or not in sustaining the state's said objection, but will accept as true this finding of fact by the Court of Appeals. Williams v. State, 222 Ala. 584, 133 So. 737: Tucker v. State, 221 Ala. 412, 129 So. 291; Fairbanks, Morse & Co. v. Dees, 220 Ala. 604, 126 So. 621; Wood v. Hacker, 219 Ala. 139, 121 So. 441; Bolen Bros. v. Miller, 218 Ala. 12, 117 So. 462; Campbell v. State, 216 Ala. 295, 112 So. 902; Ex parte Stevenson, 211 Ala. 597, 100 So. 912; Ex parte Terry, post, p. 685, 148 So. 159.

■ The Court of Appeals also held, in the opinion before us, that no error was committed by the trial court in refusing defendant's requested charges numbered 1, 6, 2, 4, holding that those charges were covered by the court in its oral charge. We will not therefore review this finding of the Court of Appeals. Authorities supra.

■ It is also insisted by petitioner that the circuit court erred to reversal in refusing the following charge requested in writing by the defendant: "11. I charge you gentlemen of the jury if you believe from the evidence that Ray Phillips demand in angry tone to have the bars taken down so that the cows could be let out that was a trespasser and defendant owed him no more rights than he would any other trespasser."

The Court of Appeals dismissed consideration of this charge in the following words: "Refused charge 11 had a tendency to confuse the issues and was properly refused." Other very pertinent objections might also be urged against the charge. There was no error in its refusal; and the Court of Appeals properly so held.

■ Other charges were requested by the defendant as appears from his petition, but the foregoing are all that were considered by the Court of Appeals, and we must limit our consideration to those treated and discussed in the opinion of that court.

It follows that the petition for certiorari must be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

## PER CURIAM.

■ In view of the earnest insistence of counsel for petitioner that we should make

some expression as to the correctness of charge 13, requested by the defendant in writing on the trial of the cause, we have examined the charge, and find that its refusal was justified. for omission of the word "imminent" or words of like import. Non constat, the danger may have been remote.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.