189 So. 905

### TORTOMASI v. STATE.

6 Div. 520.

Supreme Court of Alabama.

June 1, 1939.

Rehearing Denied June 29, 1939.

254

Beddow, Ray & Jones, of Birmingham, for petitioner.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

PER CURIAM.

The questions argued by petitioner were not separately treated or discussed in the opinion of the Court of Appeals, and are not here for consideration under the limited review of this Court of the decisions of the Court of Appeals. Some of the decided cases are noted in Tennessee A. & G. R. v. Cardon, 235 Ala. 53, 177 So. 173, among them Folmar v. State, 217 Ala. 410, 116 So. 112.

Among the earlier cases is Ex parte Louisville & Nashville R. R. Co., 176 Ala. 631, 58 So. 315, 317, wherein it was first observed that it was not the legislative intent the Court of Appeals "should be made merely a temporary stopping place for cases from the trial courts to this court, but that its decisions should be final and not interfered with by this court when acting within the confines of its jurisdiction," followed by some general observations of the nature of review by this Court under its constitutional power of supervision.

The case of Ex parte Steverson, 177 Ala. 384, 58 So. 992, cited by petitioner, is in harmony with this latter authority as well as others.

In the instant case the Court of Appeals has said that from a "careful study of the rulings of the court in this connection we are convinced that appellant was accorded every opportunity and legal right to which he was entitled. As a matter of fact it appears to us that the court permitted appellant an unusually wide scope of inquiry in numerous instances." The opinion refers to numerous rulings to which exceptions were reserved, but which that court considered needed no discussion. The court further observed that the "trial court ably and fully instructed the jury as to every phase of the law involved in this case. And aft-

er a thorough consideration of every question presented, we are clear to the opinion that no reversible error appears in any of the court's rulings calculated to injuriously affect or impair the substantial rights of the appellant."

All of these expressions considered together simply mean that, if any error intervened as to any rulings of the court, it was without injury to appellant. Clearly that matter could not here be reviewed without a study of the original record in the cause. And our decisions are all to one effect, that under the case as here presented, there is nothing for this Court to review. Campbell v. State, 216 Ala. 295, 112 So. 902; Liberty National Life Ins. Co. v. Collier, 228 Ala. 3, 154 So. 118; Gibbs v. State, 221 Ala. 130, 127 So. 790; Baumhauer v. Liquid Carbonic Corporation, 223 Ala. 244, 135 So. 427. As observed by this court in Ex parte Steverson, 211 Ala. 597, 100 So. 912, 914, the review here of any ruling as error without injury must of necessity be confined to those cases where the opinion of the Court of Appeals affords, by its conclusive statement of its finding of facts, adequate basis or bases for the application of the doctrine of error without injury. Upon this question, the opinion of this Court in concluding further said: "It was certainly the duty of that court, under rule 45, to give due consideration to the question of error without injury in connection with the finding of error * * *. If there has been a failure to do so, as complained by counsel, the responsibility must rest with that court, for this court will not look to the record to find a basis for reviewing its action in that regard." Many other cases might be cited to like effect, but this question has so long been settled as to need no further discussion here.

Recognizing this well established rule, petitioner seeks, in the alternative, a writ of mandamus to the Court of Appeals to require a treatment of the argued questions. This question has likewise been fully settled by our decisions unfavorably to petitioner's insistence. Loveman, Joseph & Loeb v. Himrod, 226 Ala. 342, 147 So. 163. See, also, opinion on rehearing in Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180, where it was pointed out there was no law requiring a written opinion by the Court of Appeals or any discussion of the several assignments of error therein. Lawson v. State, 219 Ala. 461, 122 So. 467.

Under the authorities herein cited both the writs of certiorari and of mandamus are due to be denied.

Writs denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.