31 So.2d 684

### BROWN v. STATE.

6 Div. 584.

Supreme Court of Alabama.

July 31, 1947.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the petition.

Roderick Beddow, G. Ernest Jones, and George Rogers, all of Birmingham, opposed.

STAKELY, Justice.

■ As we interpret the opinion of the Court of Appeals, that court refused to apply the doctrine of error without injury to the erroneous ruling of the trial court in refusing to allow certain witnesses to testify. In the case of Campbell v. State, 216 Ala. 295, 112 So. 902, where the applicant for a writ of certiorari to the Court of Appeals asked this court to review that court on its application of the doctrine of error without injury, this court said:

"The settled rule here is that we will not, on application for the writ of certiorari, review that court on such question unless the statement of the facts in the opinion is such as authorizes a review. This court will not look to the record in the case to determine whether or not the doctrine has been improperly applied, as this would necessitate a review of the Court of Ap-

peals on the facts or the application of the law to the facts. * * *"

See also Tortomasi v. State, 238 Ala. 253, 189 So. 905; Ex parte Steverson, 211 Ala. 597, 100 So. 912; Milazzo v. State, 238 Ala. 241, 189 So. 907.

The statement of facts in the opinion of the Court of Appeals in the case at bar with reference to the disallowance of testimony of the three witnesses referred to in the opinion, does not justify our review on petition for writ of certiorari. The Court of Appeals in its opinion in refusing to apply the doctrine of error without injury said "we would be depriving the appellant of a substantial right." For aught that we know the testimony of the excluded witnesses might have been of peculiar value to the defendant and the jury may not have accepted the evidence of the witnesses who did testify. Carter v. State, 226 Ala. 96, 145 So. 814; Turner v. State, 160 Ala. 40, 49 So. 828; Allen v. State, 146 Ala. 61, 41 So. 624.

The judgment of the Court of Appeals is affirmed.

All the Justices concur.