48 So.2d 264

### FORTENBERRY v. STATE.

### 7 Div. 82.

Supreme Court of Alabama.
Oct. 19, 1950.

48 So.2d 757

OPINION OF THE JUSTICES.

No. 119.

Supreme Court of Alabama.

Oct. 25, 1950.

Ernest E. Parker, of Gadsden, for petitioner.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

BROWN, Justice.

The indictment against the defendant charged that "before the finding of this indictment Orvil D. Fortenberry, whose name to the Grand Jury is otherwise unknown than as stated, with intent to defraud, set fire to or burned, or caused to be burned, or aided or procured the burning of a store building belonging to himself, contrary to law and against the peace and dignity of the State of Alabama." Said indictment follows the language of the last clause of Form 10, Title 15, § 259, Code of 1940, and was not subject to objection pointed out by the demurrer.

The Court of Appeals in disposing of the case applied the doctrine of error without injury to the ruling of the court in respect to the demand of the solicitor of the defendant to produce the original insurance policy. This demand was made after the evidence offered showed that the defendant under the practice of insurance companies was entitled to the possession of the insurance policy.

We have repeatedly held that we will not review the Court of Appeals on the doctrine of error without injury unless sufficient of the evidence is set out in the opinion of the Court of Appeals to warrant such review. Looking to the opinion of the Court of Appeals as to the colloquy between counsel for the parties and the circuit court, we are of opinion that the doctrine of error without injury was properly applied. Campbell v. State, 216 Ala. 295, 112 So. 902; Cable-Burton Piano Co. v. Thomas, 228 Ala. 112, 152 So. 468. The writ of certiorari is, therefore, denied.

Writ denied.

FOSTER, LAWSON and STAKELY, JJ., concur.