93 So.2d 526

**Harold SHIFLETT**

**v.**

**STATE of Alabama.**

**7 Div. 357.**

Supreme Court of Alabama.

March 14, 1957.

Love & Hines, Talladega, for petitioner.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., opposed.

LAWSON, Justice.

This cause is before us on petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of Shiflett v. State of Alabama, 93 So.2d 523.

The petition and the briefs filed in support thereof challenge only two of the holdings of the Court of Appeals. The first of these relates to the holding that the trial court did not err in refusing to permit the defendant to prove the statement claimed to have been made by his wife from three to five minutes after regaining consciousness. We are in full accord with the conclusion reached by the Court of Appeals on this ruling when viewed in the light of the circumstances set out in the opinion. We do not search the record to determine the facts but accept those set out in the opinion of the Court of Appeals. Bradley v. State, 215 Ala. 140, 110 So. 162.

The second question presented concerns the holding of the Court of Appeals that the trial court did not err to a reversal in permitting the State to introduce into evidence a rifle owned by the defendant and which was not used by him in the shooting. Under the facts as related by the Court of Appeals, we are of the opinion the rifle in question has some probative weight and that it was admitted in evidence without error. See 22 C.J.S., Criminal Law, § 712(c).

As to the last ruling, the Court of Appeals also seems to have applied the doctrine of error without injury. We do not review the Court of Appeals on application of the doctrine of error without injury unless facts are fully stated in the opinion of that court. Shouse v. State, 258 Ala. 499, 63 So.2d 728. If it can be said that the full statement of fact made by this court on

the first appeal, Shiflett v. State, 262 Ala. 337, 78 So.2d 805, has been brought into the opinion here under review by reference, then we affirm the holding of the Court of Appeals to the effect that the introduction in evidence of the rifle in question did not probably injuriously affect the substantial rights of Shiflett.

■ Consideration by this court on certiorari is limited to those holdings of the Court of Appeals which are asserted here as being erroneous. Williams v. State, 257 Ala. 337, 58 So.2d 653; Davenport-Harris Funeral Home v. Chandler, 264 Ala. 623, 88 So.2d 878.

Writ denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.