100 So.2d 732

### Homer D. ELLIS
v.
### STATE of Alabama.

7 Div. 389.

Supreme Court of Alabama.

Jan. 23, 1958.

Rehearing Denied March 6, 1958.

Wales W. Wallace, Jr., Columbiana, for petitioner.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., opposed.

LAWSON, Justice.

This cause is before us on petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of Ellis v. State of Alabama, 100 So.2d 725.

The petition and the brief filed in support thereof challenge only two of the holdings of the Court of Appeals. The first of these relates to the holding that the trial court did not commit reversible error in permitting State witness Mildred Ingram to testify over objection that she talked with deceased on the telephone at about 5:00 p. m. and that deceased did not talk as though she were intoxicated. The Court of Appeals applied the doctrine of error without injury. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix. We do not review the Court of Appeals on application of that doctrine unless the facts are fully stated in the opinion of that court. Shouse v. State, 258 Ala. 499, 63 So.2d 728; Shiflett v. State, 265 Ala. 652, 93 So.2d 526. If it can be said that the opinion of the Court of Appeals contains the full statement of the facts, we affirm the holding of that court as to this question.

The second question presented concerns the holding of the Court of Appeals that the trial court did not err in permitting the State's expert witness, C. D. Brooks, an Assistant State Toxicologist, to testify over objection to the effect that the pressure of the muzzle of a gun against

**236**

flesh overcomes a tendency of the gun to recoil. We are in accord with the holding of the Court of Appeals to the effect that this was proper expert testimony.

Writ denied.

SIMPSON, ·GOODWYN and MERRILL, JJ., concur.