105 So.2d 845

**I. E. LUKER**

v.

**STATE of Alabama.**

**4 Div. 974.**

Supreme Court of Alabama.

Oct. 9, 1958.

Rehearing Denied Oct. 30, 1958.

Hiram J. Brogden, Jr., and Frank J. Tipler, Jr., Andalusia, for petitioner.

John Patterson, Atty. Gen., opposed.

MERRILL, Justice.

Petitioner was convicted of rape and sentenced to fifteen years in the penitentiary. The Court of Appeals affirmed and a writ of certiorari is sought here.

We think the trial court erred in his statement, made while the court was questioning the prosecutrix, when he said he was "examining the witness in order to try to get over to the jury, if I can, just exactly what happened * * *," because this remark imported verity to the testimony of the witness on an issue that was in conflict and thus invaded the prov-

ince of the jury. The court's statement should have included an explanation that he was trying to get over to the jury what *the witness said* happened on that occasion. Instead, the actual statement gives the impression that whatever answer the court secured from the witness was "exactly what happened."

However, the Court of Appeals held that "The conditions prevailing, at the time the court questioned the prosecutrix, in our opinion justified the court in exercising its prerogative to question the witness and clarify her testimony, if such clarification were needed"; and further held that "we cannot see therefore that the accused was probably injured in any substantial right by the court's action in the premises."

Since we cannot ascertain from the opinion what those conditions were, and are bound by facts found by the Court of Appeals, the writ must be denied.

Writ denied.

LAWSON, SIMPSON and GOODWYN, JJ., concur.