198 So.2d 255

Henry ADAMS, Sr.

v.

STATE of Alabama.

6 Div. 369.

Supreme Court of Alabama.

April 13, 1967.

---

No attorney for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

MERRILL, Justice.

The defendant was convicted of murder in the first degree of Eugene Henry Adams, Jr., aged sixteen, his son. The jury fixed punishment at life imprisonment in the penitentiary, and from a final judgment rendered accordingly, the defendant has perfected the instant appeal.

The State's evidence, which consisted of testimony from one of the defendant's sons, Gary, his wife, Juanita, two law enforcement officers, and the county coroner, tended to show that the defendant shot and killed his son, Henry, Jr. during the course of a family argument at their apartment residence on April 23, 1965. The altercation commenced between the defendant and his wife, both of whom were drinking vodka, around 9:00 P.M. in the living room of their two-story apartment. A short time later, the deceased, Henry, Jr., took his mother by the arm and led her upstairs to her bedroom. The defendant followed and the argument was resumed. In the meantime, Henry, Jr. had gone to an adjoining bedroom. Some ten minutes elapsed, and the defendant, having secured a pistol from underneath a mattress while in the bedroom, fired a shot into the wall. According to his wife's testimony, Henry, Jr. rushed into the room and was shot one time by her husband. There was evidence from which the jury might have found that the defendant suspected it was his stepson entering the room. From the defendant's testimony, it appeared that he had encountered a great deal of difficulty with his stepson over a period of time and had asked him on several occasions to leave. Immediately after the defendant shot Henry, Jr., he fell over him and began giving mouth to mouth resuscitation. He was found in that position by the arresting police officers.

The defendant pleaded not guilty to the indictment and was his only witness. He testified that he shot his son unintentionally; that he did not know anyone else was in the room other than his wife; that he was oiling and unloading the pistol when the shot was fired.

No brief has been filed in this court for the defendant, but that is not essential to our review by virtue of Tit. 15, § 389, Code 1940. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637; Phillips v. State, 272 Ala. 216, 130 So.2d 822.

A study of the record, as is our duty in cases of this nature, whether with

the aid of brief or not, convinces us that the lower court committed prejudicial error against the defendant when his counsel's question on cross-examination, "Gary, do you love your father?," was sustained upon objection by the district attorney.

■ It is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying. Nichols v. State, 276 Ala. 209, 160 So.2d 619, and cases there cited.

■ As affecting credibility, it is permissible, on cross-examination, to inquire of a witness his relations to the parties, or to the subject-matter of controversy, or as to feelings of sympathy, or partiality, or hostility which he may entertain, or may have expressed toward the party introducing him, or against whom he is introduced. Nichols v. State, supra; Green v. State, 258 Ala. 471, 64 So.2d 84.

■ Ordinarily, the proper way to show bias on the part of a witness is to ask him directly the state of his feelings, and if he denies bias, or says his state of feeling is good, then resort may be had to facts tending to show otherwise. Nichols v. State, 276 Ala. 209, 160 So.2d 619; Meador v. State, 37 Ala.App. 573, 72 So.2d 418. However, as pointed out in Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141, our cases do not require in every case, as a condition precedent as to any question on cross-examination to show bias, that the witness must first be asked about the state of his feelings.

Here, the question, "Gary, do you love your father?" was asked on cross-examination after the son had given damaging evidence against the defendant, his father, on direct examination. The jury was entitled to know the state of his feelings toward his father as affecting his credibility. In sustaining the objection to this question, the trial court committed reversible error.

■ At this point, we quote a portion of the trial court's oral charge, which was palpably erroneous, but to which no exception was taken. The court charged:

"* * * The State charges that [Henry Adams, Sr.] unlawfully and with malice aforethought killed Eugene Henry Adams, Jr., by shooting him with a pistol.

"The State certainly believes that, because its District Attorney—that is the term now applied to prosecuting attorneys in our State—I'm sure that the District Attorney feels that this defendant is guilty. He has come here and put on a meaningful argument and he says to you from his heart, I'm sure, that this defendant is guilty.

"On the other hand, the defendant comes in and equally, through his attorney, Mr. Howard—both able attorneys—and he tells you that he feels he is not guilty, that it was an accident, * * *."

■■ It is, of course, never proper for the prosecuting attorney or the defendant's attorney to state in argument to the jury their personal belief in the guilt or innocence of the accused. To do so is to place before the jury for consideration the lawyer's own character and credibility, which is no part of any judicial proceeding. The office of district attorney and counsel for the accused does not demand that the former's duty is to secure a conviction, and the latter's duty to obtain an acquittal; but rather, the primary duty is to see that justice is done. See Canons 5 and 15 of American Bar Association Canons of Professional Ethics. And where, as here, the trial judge attributes beliefs to and sanctions such personal beliefs by opposing attorneys, even though the record was not protected by an exception, we call attention to the error so that it may not be repeated on another trial.

In the case of Woods v. State, 19 Ala. App. 299, 97 So. 179, we find the following discussion:

"* * * The personal opinion of the solicitor as to the guilt of the accused or as to any material fact involved in the case is not evidence. It should never be uttered by a prosecuting attorney, and, if the court gives sanction to such an utterance, it thereby commits error necessitating a reversal of conviction appealed from. Inferences and deductions from the evidence may be drawn by counsel almost without limit, but the minds of the jury should not be prejudiced, nor should they be swayed in their deliberations by unauthorized statements in the argument of the solicitor, such as, 'In my honest opinion, and before God it is my honest opinion,' that such a state of facts exists. It is for the jury to say what state of facts exists, and this must be done by a consideration of all the evidence in the case, and such conclusion must not be reached by the honest or other character of opinion upon the part of the solicitor. In the annotation of the case of People v. Fielding (N.Y.) 46 L.R.A. 641, 667, note, it is said:

" 'The personal opinion of the prosecuting attorney as to the guilt of the accused is not evidence, and the sanction of such an opinion by the court is serious error.'

" 'The right to a fair and impartial trial is violated by the misconduct of counsel in stating to the jury facts not in evidence because by so doing he fraudulently testifies without having been sworn as a witness.' People v. McGuire, 89 Mich. 66, 50 N.W. 786."

For the reversible error pointed out in the ruling on evidence, the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.