214 So.2d 712

**Willie WILLIAMS**

v.

**STATE.**

**I Div. 337.**

Court of Appeals of Alabama.

Oct. 8, 1968.

Wilters & Brantley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

The appellant was convicted of assault with intent to murder and sentenced to ten years imprisonment in the State penitentiary. From such judgment, he submits this appeal.

The defendant, Willie Williams, shot and injured one James Darnell with a shotgun. The evidence is conflicting as to whether the shooting was self-defense or not.

After the defense rested, the State called Lucinda Finkley as a rebuttal witness over the defense counsel's objection. The record shows that the following then transpired:

"Examination by Mr. Hendrix [prosecutor].

"Q. State your name?

"A. Lucinda Finkley.

"Q. Were you present on the day James Darnell got shot?

"A. Yes sir.

"Q. Did you pick up a 38 blue steel automatic from the place he was shot and give it to his wife?

"A. No sir; I was in my yard when it happened; it was so close you could see everything that happened and be in your own yard.

"Q. Did you pick up a gun and give it to his wife?

"A. No sir."

Cross-examination by Mr. Brantley:

"Q. Who did you come to court with today?

"MR. HENDRIX: I object; this is a rebuttal witness and he can't go into anything—

"MR. BRANTLEY: I think I can cross examine her to show bias and prejudice.

"THE COURT: Sustain the objection.

"MR. BRANTLEY: Except.

"Q. Let me ask you if there—Are you kin to James Darnell here?

"MR. HENDRIX: I object to that, may it please the Court; this is a rebuttal witness and he can't go into any facts.

"THE COURT: Sustain the objection.

"MR. BRANTLEY: Except.

"Q. Are you a good friend of James Darnell?

"MR. HENDRIX: We object.

"THE COURT: Sustain the objection.

"MR. BRANTLEY: Except.

"Q. I want to ask you again: Isn't it a fact that James Darnell is the person that brought you to court here today?

"A. Yes sir, he is."

■ The right of cross-examination, thorough and sifting belongs to every party as to witnesses called against him. Title 7, § 443, Code 1940.

■ According to McElroy, The Law of Evidence in Alabama, 2d Ed., § 149.01, the trial court ordinarily has discretionary power to allow or disallow proof of specific facts which tend to show the witness's bias or the extent thereof; but where the witness's testimony is importantly adverse to the party against whom he is called, the trial court has but very little discretion, if any, to disallow proof of an important fact indicating bias. Green v. State, 258 Ala. 471, 64 So.2d 84; Sowell v. State, 30 Ala.App. 18, 199 So. 900; Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141. Here Lucinda Finkley's testimony as a rebuttal witness was importantly adverse to the defendant since self-defense is claimed in the shooting incident.

The State argues that the case of Brantley v. State, 11 Ala.App. 144, 65 So. 678, supports the rulings of the court below. However, see Madden v. State, 40 Ala. App. 271, 112 So.2d 796.

■ It is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matter about which he is testifying. Adams v. State, 280 Ala. 678, 198 So.2d 255. As affecting credibility, it is permissible, on cross-examination, to inquire of a witness his relation to the parties involved. Adams, supra; Green, supra. In the case

at bar, the jury was entitled to know the relationship (kinship or friendship) between Lucinda Finkley and James Darnell as affecting the credibility of the witness. In sustaining the objections to those questions, the trial court committed reversible error. See McElroy, supra, § 149.01(3) and (4).

Moreover, kinship is a concrete fact as much as pecuniary interest. "Blood is thicker than water" may not always be valid but the jury is entitled to determine its specific gravity.

 Appellant claims also that certain requested charges were improperly refused by the court. However, refused charges 1 and 3 were adequately covered by other given charges and also by the court's general charge. The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. Title 7, § 273, Code 1940.

 As concerns refused charge 4, appellant cites us to Resmondo v. State, 24 Ala.App. 566, 138 So. 425, wherein this court held that a similar charge was erroneously refused. We observe, however, that the fact situation in the *Resmondo* case is not analogous to the fact situation in the case at bar. While a requested charge in a particular fact situation may be given, it does not necessarily follow that the same charge so worded would be proper in a case when similar facts are not present. Considering the facts involved here, we feel that requested charge 4 is an abstract charge unrelated to this case and was properly refused by the trial court.

Reversed and remanded.