292 So.2d 127

**Fletcher McMULLIAN, alias**

**v.**

**STATE.**

**6 Div. 357.**

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

Rehearing Denied March 27, 1973.

J. Massey Relfe, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder, second degree: sentence, forty years imprisonment.

During recross-examination of a State witness, a son of the victim, the record shows:

"Q. Let me ask you this, you would like to see Fletcher McMullian end up in jail, wouldn't you?

"MR. DeCARLO: Judge, we are going to object to that question—

"THE COURT: Sustained.

\*     \*     \*     \*     \*     \*

"Q. You wouldn't like to see him in the penitentiary?

"MR. DeCARLO: Now, Judge—

"MR. PURVIS: We are going to object to that, may it please the court?

"THE COURT: Sustained."

In Maples v. State, 44 Ala.App. 491, 214 So.2d 700, we find:

" \*   \*   \* It is always permissible to cross examine a witness to ascertain his interest, bias, prejudice or partiality concerning matters about which he is testifying. The proper way to show bias on the part of the witness is to ask him directly the state of his feelings, and if he denies bias, then resort may be had to facts tending to show it."

In this case, the witness had earlier testified that he had no hard feelings against the defendant, and bore him no ill will. The rulings do not constitute harmless error because of reversals in similar cases.

Wigmore observes in § 940:

" \*   \*   \* Where it is thought worthwhile, however, there is no objection to a direct question, such as 'Are you not anxious to have the defendant convicted?'." Vol. III A at 776.

See Nichols v. State, 276 Ala. 209, 160 So. 2d 619, and Maples v. State, 44 Ala.App. 491, 214 So.2d 700. The actual inquiries in these cases are "What is the state of your feeling toward this defendant?" and "What is the state of your feelings towards this young man?" The question is approved in Hinds v. State, 55 Ala. 145, though for another purpose. *Nichols* reports several cases of reversible error based on similar questions. McElroy, Law of Evidence in Alabama, is of the opinion that:

> "Trial courts should studiously endeavor to allow full proof of a witness' bias, and thereby not only enable the jury to properly weigh the witness' testimony, but also avoid the unnecessary creation of close and difficult questions for the bedevilment of the appellate courts. A study of the decisions shows that nearly all reversals of trial rulings on offers of proof of a witness' bias have resulted from the rejection, not from the reception, of the offered proof." § 149.01(1)

As for the trial judge's discretion in such matters, Williams v. State, 44 Ala. App. 503, 214 So.2d 712, held that there was little "if any" discretion to disallow proof of bias where the witness' testimony is importantly adverse to the party against whom he is called. The witness there was called to rebut the defense of self-defense, and her testimony was obviously "importantly adverse."

Applying that standard to the present case presents some difficulty. The witness was not a major one, and his testimony merely repeated the events as set out by other witnesses, covering some eleven pages of the record. However, since he identified under oath the defendant as one of his deceased father's assailants, his testimony is sufficiently important and adverse to severely limit the judge's discretion as per *Williams*.

Our code confers the right to "thorough and sifting" cross examination (T. 7, §

443), and much latitude has historically been accorded the examiner in this particular area. This policy may be seen in cases like Sowell v. State, 30 Ala.App. 18, 199 So. 900, and Ison v. State, 34 Ala.App. 263, 39 So.2d 247. No more latitude can be imagined than allowing the impeachment by extrinsic testimony of a witness who denies bias or partiality. Wigmore apparently sees no limitation here, other than the test of remoteness (§ 949, 1st ¶); in § 943, he quotes from McHugh v. State, 31 Ala. 317, in part:

> " * * * he may be hostile to the prisoner, and on cross-examination may deny that he is so; in such case, who can doubt the right of the prisoner to prove the hostility?"

Finally, in *Yarbrough,* 71 Ala. 376, the reporter noted:

> " * * * on cross-examination of a witness examined on behalf of the State, the defendant, after showing by the testimony of the witness that his feelings were unkind to the defendant, asked him whether he had not said, a short time prior to the trial, to one of defendant's counsel, that he would give $1,000 to send the defendant to the penitentiary. To this question the State objected, the objection was sustained, and the defendant excepted. * * *"

In this frame of reference the opinion states:

> "BRICKELL, C. J.—As affecting credibility, it is permissible, on cross-examination, to inquire of a witness concerning his relations to the parties, or to the subject-matter of controversy, or as to the feelings of sympathy, or partiality, or hostility which he may entertain, or may have expressed towards the party introducing him, or against whom he is introduced. If the witness, as in the present case, admits that he is unfriendly, or that his feelings are not kind to

the party against whom he is called, the degree of his unkindness, or want of friendly feeling ought to be made known to the jury; for the same credit might not be attached to his testimony, if there was avowed hostility, that could properly attach to it, if there was mere indifference, or a mere absence of kind and friendly feeling. The expression or declaration of hostility, and a willingness to incur pecuniary loss to accomplish the personal disgrace and personal suffering of the party against whom he is testifying, it may be, will cause the jury to pause, before yielding full belief to his evidence. * * *"

The forestalled answers might have proved the point in favor of the defendant. The Court committed reversible error in sustaining the objections.

Reversed and remanded.

DeCARLO, J., having been of counsel below recuses self.

ALMON, TYSON and HARRIS, JJ., concur.