292 So.2d 129

In re Fletcher McMULLIAN, alias

v.

STATE.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

SC 337.

Supreme Court of Alabama.

Dec. 6, 1973.

J. Massey Relfe, Jr., Birmingham, opposed.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State, petitioner.

PER CURIAM.

The dissenting opinion of Mr. Justice Faulkner properly states the sole issue for

our consideration is whether the trial court's ruling in sustaining objections to certain questions asked of a witness regarding his possible prejudice or bias constituted reversible error.

As this court recently held in Ex parte Wells (In re Wells, Alias v. State), [1973] 292 Ala. 256, 292 So.2d 471, viz:

"It thus appears to be our rule that, notwithstanding the range of cross-examination to develop bias is largely discretionary, where the witness' testimony is important to the determination of the issues being tried, there is little, if any, discretion in the trial judge to disallow cross-examination on matters which tend to indicate the bias of the witness."

The Court of Criminal Appeals also appears to have recognized this to be the rule of our cases in its opinion in this cause. McMullian, alias v. State (1973), 52 Ala. App. 321, 292 So.2d 127. In that opinion, the court held the trial court's ruling was erroneous.

The question is did the trial court's ruling constitute reversible error or was it mere "harmless error" under Rule 45? As we pointed out in *Wells,* supra, the Court of Criminal Appeals must resolve this question from a review of the entire record.

This court has repeatedly and consistently refused to review on certiorari the application of the harmless error rule by the courts of appeal unless the opinion of the court of appeals sets forth a statement of the facts which authorizes such review. Powell v. State, 224 Ala. 584, 141 So. 260; Bishop v. State, 226 Ala. 147, 145 So. 499; Tortomasi v. State, 238 Ala. 253, 189 So. 905; Brown v. State, 249 Ala. 412, 31 So. 2d 684; Green v. State, 252 Ala. 129, 40 So.2d 110; Fortenberry v. State, 254 Ala. 342, 48 So.2d 264; Shouse v. State, 258 Ala. 499, 63 So.2d 728; Shiflett v. State, 265 Ala. 652, 93 So.2d 526; Powell v. State, 267 Ala. 100, 100 So.2d 46; Ellis v. State, 267 Ala. 235, 100 So.2d 732; Wallis v. State, 267 Ala. 378, 102 So.2d 31; Luker v. State, 268 Ala. 346, 105 So.2d 845; Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288; Russellville Gas Co. v. Duggar, 288 Ala. 309, 260 So.2d 395.

We do not consider the statement in the Court of Criminal Appeal's opinion, viz: "The rulings do not constitute harmless error because of reversals in similar cases" to constitute an application by it of the "harmless error" doctrine.

It is, therefore, that we must conclude, as we did in *Wells,* supra, that this cause must be remanded to the Court of Criminal Appeals for its determination as to whether the sustaining of the objections herein constituted "harmless error."

Remanded with directions.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

MERRILL, MADDOX and FAULKNER, JJ., dissent.

JONES, J., not sitting.

FAULKNER, Justice (dissenting).

Fletcher McMullian was convicted of second degree murder and sentenced to forty years imprisonment. He appealed this judgment to the Alabama Court of Criminal Appeals. That court reversed the judgment of conviction and remanded this cause to the Circuit Court of Jefferson County. The application for rehearing was denied. We granted certiorari.

The sole issue raised for our consideration is the correctness of the trial court in sustaining the objections raised to certain questions to a witness regarding his possible prejudice or bias.

It is always permissible to cross-examine a witness to ascertain his interest, bias or prejudice concerning matters about which he is testifying. Nichols v. State, 276 Ala. 209, 160 So.2d 619 (1964). Thorough and sifting cross-examination is provided for in

Title 7, § 443, Code of Alabama 1940, Recompiled 1958.

The Court of Criminal Appeals relying on Williams v. State, 44 Ala.App. 503, 214 So.2d 712 (1968) held that the witness' testimony was sufficiently important and adverse to severely limit the judge's discretion in allowing cross-examination. With this principle we cannot agree. This court has often held that the extent of cross-examination is vested in the sound discretion of the trial court and will not be reviewed on appeal except for abuse. Bridges v. State, 284 Ala. 412, 225 So.2d 821 (1969); Seals v. State, 282 Ala. 586, 213 So.2d 645 (1968).

Before the trial judge sustained an objection to a question, this witness had already answered several questions concerning possible bias and prejudice. In the record we find the following:

"Q. (BY MR. SHEFFIELD) You know him and hate him?

"A. No, I don't.

"Q. You don't hate him?

"A. No, sir.

"Q. There's no bad blood between you?

"A. No, sir, there's not.

"Q. You don't hate him because your brother was arrested for shooting his brother?

"A. No, sir, I don't.

"Q. Your brother is upstairs in the County Jail now?

"A. Yes sir, he is.

"Q. Because of what he done to this boy's brother?

"A. Yes, he is.

"Q. You don't have any hard feelings about that, do you?

"A VOICE: We object to that—repetitious—

"THE COURT. The Court will sustain the objection, not on the basis of repetition, but on the form of the question.

"Q. Let me ask you this, you would like to see Fletcher McMullian end up in jail, wouldn't you?

"MR. DECARLO. Judge, we are going to object to that question—

"THE COURT. Sustained.

"Q. Is it your testimony you don't have any ill will toward Fletcher McMullian?

"A. None whatsoever.

"Q. None whatsoever, even though you testify you saw him out there and saw him shoot your daddy down, you still don't have any ill feeling toward him?

"A. None at all.

\* \* \* \* \* \*

"Q. And it is still your testimony you don't have any ill will towards Fletcher McMullian here?

"A. It is. None whatsoever.

"Q. You don't bear him any ill will?

"A. None at all.

"Q. You wouldn't like to see him in the penitentiary?

"MR. DECARLO. Now, Judge—

"MR. PURVIS: We are going to object to that, may it please the Court?

"THE COURT. Sustained."

The instant facts differ greatly from the situation where no cross-examination is allowed at all. The last question was not an attempt to prove a fact indicating bias. The right of thorough and sifting cross-examination does not mean that the trial judge may not step in when the sifting is merely repetitive.

This witness was not a major one and his testimony merely repeated the events as set out by other witnesses. He had answered a number of questions regarding possible bias. It is within the discretion of the court in a criminal prosecution to refuse the cross-examination of a witness to bring out evidence which would be a mere repetition of the witness' testimony already in the possession of the jury. Newman v. State, 160 Ala. 102, 49 So. 786 (1909).

Finding no abuse of discretion by the trial court, it is my opinion that the judgment of the Court of Criminal Appeals should be reversed and the trial court judgment affirmed.