LEIGH M. CLARK, Retired Circuit Judge.
On this appeal from a judgment of conviction and sentence for robbery in the first degree (Code 1975, § 13A-8-41), the only insistence upon a reversal pertains to the sustention of the State’s objection to a question asked by the defendant on cross-examination of the alleged victim of the robbery. As the sufficiency of the evidence to support the verdict is not challenged, and is not reasonably challengeable, in our view, we limit a discussion of the evidence to that part thereof that has material bearing upon the issue presented. It suffices, we think, to adopt the statement of facts as it appears in appellant’s brief as follows:
“On September 7, 1980, Mr. Calvin Lambert was in Kelly Ingram Park in Birmingham, Jefferson County, Alabama, searching for coins with a metal detector. Mr. Lambert had been in the park for several hours when he noticed two black men in his vicinity. Mr. Lambert was on his knee digging for coins when the men came up to him, one on each side, and *863 began talking to him. Mr. Lambert placed his knife on the ground and one of the men who he later identified as the defendant, Sherry Conners [spelled without an “s” in the transcript], reached for the knife but Mr. Lambert grabbed the handle and pulled it back. The other man then asked how the metal detector worked and Lambert started to show them when the unidentified man grabbed Lambert and the knife and pushed him to the ground. Lambert then testified that Conners got his billfold with Eighty-one Dollars ($81.00) in it. The two men then ran, but reappeared a few minutes later and stood around a building in the park in view of Lambert. Mr. Lambert then testified that a boy who was in the park came up to him and said that he knew the two men and that he would get the billfold back for a reward. The boy walked off and when he did not reappear Lambert went to City Hall (a few blocks away) and told the police what happened. He then went back to the park with the officers who talked with the boy. The boy gave the officers an address that was allegedly the home of one of the black men who were involved in the incident. The officers and Mr. Lambert went to the home and Officer Johnson went inside and reappeared with a man that Lambert identified as the one who took his billfold. However, the man he identified, Conners, was wearing different clothes and had his hair ‘slicked back’ with grease on it.”
To appellant’s statement of the facts, it should be added perhaps that the alleged victim and one of the officers were the only witnesses who testified. There was no evidence to the contrary; no testimony was presented on behalf of the defendant.
The portion of the cross-examination of the victim that contains the ruling of the court that appellant contends was error is excerpted in his brief as follows:
“Q: I believe Mr. Mahon [the prosecutor] asked you if you got your eighty-one dollars back.
“A: No, sir, I didn’t.
“Q: If you had gotten your eighty-one dollars back would you be here to testify today?
“MR. MAHON: Objection to that.
“THE COURT: Sustained.
“MR. STEVENS: No, sir, Judge. We have just got a recent case on it, it shows bias.
“MR. MAHON: I object to it.
“THE COURT: Sustained.
“MR. STEVENS: We except.”
Appellant contends that the sustention of the State’s objection to defendant’s question constituted an undue restriction upon the right of a party to cross-examine a witness “concerning his interest, bias or prejudice.” We find no disagreement with the proposition that an unreasonable restriction upon a party’s right to cross-examine a witness should never be countenanced. Code of Alabama 1975, § 12-21 — 137, provides: “The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. . . . ” Uniformly accepted principles on the subject are succinctly and clearly stated by Justice Merrill in Nichols v. State, 276 Ala. 209, 214, 160 So.2d 619 (1964) as follows:
“It is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying. [Authorities omitted] The rule is also stated that, generally, anything which tends to show bias, unfriendliness, enmity, or inclines a witness to swear against a party is admissible. [Authorities omitted].”
Notwithstanding the clarity and acceptance of the governing principles of law, it seems difficult at times to apply them correctly to all incidents as to which it ip claimed by the cross-examiner, either on the trial or on appeal, that he is seeking to show interest, bias, partiality or the like on the part of the witness. Appellant cites some Alabama cases that he says support his position. Ap-pellee cites some it relies upon for an af-firmance. We now consider the Alabama eases relied upon by appellant:
*864 In Nichols v. State, supra, it was held that the trial court committed reversible error in sustaining the State’s objection to the question addressed to a State’s witness, “What is the state of your feelings toward this young man [defendant]?”
In Green v. State, 258 Ala. 471, 64 So.2d 84 (1953), questions asked by the defendant on cross-examination were of two kinds. One kind was as to whether witnesses for the State in a murder case had shown animosity toward, or had had a “falling out” with, the victim of the homicide. The other consisted of questions addressed to a State’s witness in an effort to show that he had made statements to certain persons to the effect that he was going to “shoot the defendant on sight” and “bring him in dead or alive.”
In McMullian v. State, 52 Ala.App. 321, 292 So.2d 127 (1973), rem’d, 292 Ala. 248, 292 So.2d 129, rev’d and rem’d after remand, 52 Ala.App. 324, 292 So.2d 132, the questions were whether the witness “would like to see Fletcher McMuilian [defendant] end up in jail” and whether he “wouldn’t like to see him in the penitentiary.”
In Maples v. State, 44 Ala.App. 491, 214 So.2d 700 (1968), the question was, “What is the state of your feeling toward this defendant?” And in Zeigler v. State, 52 Ala.App. 501, 294 So.2d 468 (1973), it was, “You do have a bias feeling, don’t you?”
In Bridges v. State, Ala.Cr.App., 391 So.2d 1086 (1980), the question asked was with reference to a civil suit filed by the victim against defendant, but there was no contention on the trial that it was asked to show bias of the witness. The judgment of the trial court was affirmed.
In Brooks v. State, Ala.Cr.App., 393 So.2d 484 (1980), rev’d, Ala., 393 So.2d 486, the question was as to whether the victim of the alleged crime had filed a civil suit therefor against defendant.
It is to be readily seen that none of the Alabama cases cited by appellant involves a question or questions similar to the question addressed to the victim of the alleged crime in the instant case. We are of the same opinion as to the questions asked in the cases cited by appellee. This is said without any reflection whatever upon counsel for either party. As we view it, it would be difficult to find any precedent for the question under consideration in the instant case. In our opinion, the trial court was not in error in sustaining the State’s objection to the question. To have overruled the objection would have subjected the witness to an ambiguous and perhaps an unintelligible question. The question does not inform the witness as to the time of the hypothesis “If you had gotten your eighty-one dollars back.” It could have been while the victim and the two robbers were all together. It could have been soon after the victim had promised another person a reward for a return of the money. It could have been after the defendant was apprehended and arrested. If so, the question would contain an insinuation that the victim was guilty of compounding a felony. The hypothetical question was predicated upon a false hypothesis, as the undisputed evidence shows that the victim never “got” his “eighty-one dollars back.” The state of the feeling of the victim toward the defendant could not be shown by what the state of his feeling would have been under circumstances entirely different from those shown by the undisputed evidence.
Our search of the record reveals no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.