This is a negligence action arising out of a traffic accident between the appellant, Grams Osborne, and the appellee, Scott Cobb.
On January 18, 1980, Cobb and two friends were returning from a Montgomery night club, at approximately 1:30 A.M., where they had spent several hours. Cobb traveled north on Perry Street. Osborne left the house of a friend, and traveled east on Arba Street, which is perpendicular to Perry Street. The automobiles driven by Cobb and Osborne collided at the intersection of Perry and Arba Streets. Osborne suffered a head wound and was taken to a Montgomery hospital for treatment.
Osborne allegedly continued to have physical problems following the accident. Osborne filed suit against Cobb, alleging that Cobb's negligence in operating his automobile caused the accident and Osborne's injuries. The action was tried before a jury in Montgomery County. Cobb introduced testimony at trial that the traffic light at the intersection of Perry and Arba was green in Cobb's favor. Cobb and one of the passengers in his car testified that Osborne failed to stop for the red light on Arba Street.
Osborne introduced the contrary testimony of Elaine Humphrey, a Montgomery resident, who allegedly saw the accident. Humphrey testified that she was traveling north on Perry Street. She testified that Cobb passed her traveling at a high rate of speed. She also testified that the traffic signal on Perry Street was red, but that Cobb failed to stop for the red light and crashed into Osborne's automobile.
Although Miss Humphrey stated that she was not a personal friend of Osborne's, Cobb introduced Osborne's record from St. Margaret's Hospital naming Miss Humphrey as the person to "Notify In Case of Emergency." Osborne explained that this was his second visit to a hospital, sometime after the accident. At the first visit, he listed another person. He testified that he listed Humphrey because he and the nurse misunderstood each other when filling out the form. Osborne is a citizen of Nigeria and stated that Alabamians often have difficulty understanding his accent. Osborne stated that he thought the nurse asked him who to call concerning the events on the night of the traffic accident.
The officer at the scene of the accident testified that both drivers had been drinking, but did not say either was driving under the influence of alcohol.
The jury returned a verdict in favor of Cobb. Osborne made a motion for a new trial, which the trial court denied. Osborne appeals. The appellant asserts three major points as error. First, the appellant contends that the verdict is contrary to the evidence and the law presented in the case, and is not supported by sufficient evidence. Second, the appellant argues that the trial court erred in admitting the medical record of Osborne naming Miss Humphrey as a person to be notified in case of an emergency. Finally, Osborne urges this Court to find the trial judge erred by denying the appellant's Rule 26 (b) motion to produce a prior statement of one of the appellee's witnesses.
A jury verdict is presumed to be correct. Marshall County v.Uptain, 409 So.2d 423 (Ala. 1981), Trans-South Rent-A-Car, Inc.v. Wein, 378 So.2d 725 (Ala. 1979). It is the function of the jury to resolve disputed issues of fact. Id. The jury's resolution of disputed issues of fact will not be reversed on appeal unless the verdict is against the preponderance of the evidence, or is clearly wrong or unjust. S.S. Kresge *Page 398 Co. v. Ruby, 348 So.2d 484 (Ala. 1977). A trial court's denial of a motion for a new trial strengthens the presumption of correctness of the verdict, and will not be reversed unless it is plainly and palpably wrong.
In the present case, the issue of which driver failed to stop for the red light was hotly contested. The jury obviously resolved this factual issue in favor of the appellee. There is evidence in the record showing that Cobb was not negligent in operating his automobile. The jury acted within its proper fact finding function by resolving the issues in Cobb's favor. We cannot say that there is not sufficient evidence to support its verdict.
The appellant argues that the jury was obligated, under Code 1975, § 12-21-111, to accept the testimony of Elaine Humphrey as true. If the jury had not violated section 12-21-111, it would not have rendered a judgment in Cobb's favor. Section12-21-111 provides that an account-creditor may establish a prima facie case against an account-debtor by filing a verified, itemized statement of account. Filing of a verified account places the burden on the account-debtor to disprove his or her liability. Osborne argues that Miss Humphrey "gave a verified account" of the accident, thus placing the burden of proof on the appellee to disprove her statement. Obviously, the statute was not intended to apply to a witness's "account" of an accident in a tort action. The statute is applicable only to actions on an open account. Sinclair Refining Co. v. Robertson,247 Ala. 260, 23 So.2d 872 (1945).
The appellant also argues that the trial court erred by admitting the medical records of the appellant which named Miss Humphrey as the person to be notified in case of an emergency. The records were authenticated in accordance with Code 1975, §12-21-7. The trial court has discretion to admit evidence to show the bias, prejudice, or interest of a witness. InsuranceCo. of North America v. Mays, 278 Ala. 20, 174 So.2d 700
(1965); Williams v. State, 44 Ala. App. 503, 214 So.2d 712
(1968). The medical record naming Miss Humphrey tends to show that Miss Humphrey and the appellant might be close friends. The trial judge did not err by admitting evidence which might have shown the bias of Osborne's key witness. The denial of any friendship with the appellant by Miss Humphrey and Osborne's explanation of the incident do not make the evidence inadmissible, but merely presented an issue of fact and credibility for the jury.
Finally, Mr. Osborne contends that the trial judge abused his discretion by denying Osborne's motion for production of a previous statement given by a witness who was giving testimony. First, it should be noted that a pretrial order was entered in this action pursuant to ARCP 16. The order provided that all discovery was to be concluded on October 13, 1980, ten days before testimony began at the trial. The order gave the trial judge discretion to modify the pretrial order for good cause or to prevent manifest injustice. At trial, counsel for the appellant sought to obtain a prior statement made by Randy Knapp, a witness for the appellee. Counsel for the appellant questioned Mr. Knapp as follows:
"Q. Have you given a statement to anyone?
A. To anyone besides the Court?
Q. Yes, sir.
A. No, sir.
 Q. And have you told in this statement anything different from what you told today?
A. Not to my knowledge, no, sir.
Q. Have you been show that statement?
A. Yes, sir.
Q. When did you see it?
A. The day before yesterday or yesterday. Yesterday.
Q. Did you read it over?
A. Yes, sir.
Q. Where did you read it over?
A. In Scott's attorney's office.
Q. All right, sir. And did he give you a copy of it?
A. No, sir. *Page 399 
 Q. And are you basing your testimony now this afternoon on your recollection or on that statement?
A. On my recollection.
Q. The statement did not assist you in any way?
A. No, sir.
 MR. LOWERY: All right, sir. We would move to produce the statement, your Honor.
 MR. OWEN: I would like to address that out of the presence of the Jury, your Honor.
 (At this time, the Jurors were excused from the courtroom, and the following was had and done of Record.)
 MR. OWEN: Your Honor, this is a 1980 case relating to discovery of statements obtained in anticipation of litigation.
 THE COURT: I think you would have to do this by a Motion to Produce under Rule 26 (b). If you have made such a motion, I would consider it.
 MR. LOWERY: I make a Motion to Produce it under Rule 26 (b).
 THE COURT: You have not said what Rule 26 (b) says. You have to say. And it is awfully late in the game. I am going to overrule that. But if you comply it with the Rule, I do not know if I will grant it or not. But I will consider it in accord with that case.
 MR. PERDUE: The request for production was made Monday, I believe which was after the time for discovery.
 THE COURT: That is awfully late. I deny your motion, unless the prerequisites of Rule 26 (b) are met. And let's bring the Jury back.
 (At this time, the Jury returned to the courtroom.)"
ARCP 26 (b)(3), provides that a party may obtain materials prepared in anticipation of litigation upon a "showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Cf. Ex parte: State Farm MutualAutomobile Insurance Co., 386 So.2d 1133 (Ala. 1980). Although counsel for the appellant knew the identity of the witness before trial and had the opportunity to take his statement, the appellant's counsel did not do so. Furthermore, counsel for the appellant made no attempt to show "substantial need" or "undue hardship," as required by Rule 26 (b)(3). While impeachment of the witness by a prior, inconsistent statement may have justified discovery of the witness's statement, counsel did not mention this as a ground for production of the statement. Under the circumstances, the trial judge did not abuse his discretion by refusing to require production of Knapp's statement.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.