428 So.2d 124 (1983)
Ex parte: James Otis HARRIS.
(Re: James Otis Harris
v.
State of Alabama).
81-417.
Supreme Court of Alabama.
January 7, 1983.
Roger A. Brown, McDonald & Brown, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Joseph G.L. Marston, III, Asst. Atty. Gen., for respondent.
MADDOX, Justice.
The issue in this case is whether the trial court's permitting the prosecution to prove with a different witness the existence of a state witness's prior inconsistent statement constituted reversible error.
The Court of Criminal Appeals sets forth this case's facts amply in its opinion, Harris v. Alabama, 428 So.2d 121 (Ala.Cr.App. 1981), and no need exists to repeat those facts here.
*125 It is well settled in Alabama that if a party's own witness denies having made a prior inconsistent statement, testimony from another witness that he made the statement is not admissible. Isbell v. State, 57 Ala.App. 444, 329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976); Randolph v. State, 331 So.2d 766 (Ala.Cr.App.), cert. denied, 331 So.2d 771 (Ala.1976); C. Gamble, McElroy's Alabama Evidence, § 165.01(7)(g) (3d ed. 1977). The appellant claims that the trial court's admission of Officer Gaut's testimony regarding Frank Sullivan's prior inconsistent statement constituted reversible error. For authority, appellant has cited one case. In Randolph v. State, 331 So.2d 766 (Ala.Cr.App.), cert. denied, 331 So.2d 771 (Ala.1976), the Court overturned a conviction of murder and robbery because a different prosecution witness testified regarding the existence of a prior inconsistent statement of a state witness. The Court, in Randolph, recognized that except for the improperly admitted testimony, there existed little evidence of the defendant's guilt. Id. at 770. In the present case the record indicates that sufficient evidence, including the eyewitness account of the injured police officer, tended to prove the defendant's guilt. When the evidence of the defendant's guilt is strong, the defendant must show that the trial court's error was prejudicial. Chillous v. State, 405 So.2d 58, 61 (Ala.Cr.App.1981); Boyd v. State, 50 Ala.App. 394, 397, 279 So.2d 565 (Ala.Cr.App.1973); C. Gamble, McElroy's Alabama Evidence, § 430.01 (3d ed. 1977). The Court of Criminal Appeals stated in its opinion that "[w]e are convinced that the admission of the prior inconsistent statement did not supply the jury any new information, but merely attacked Sullivan's credibility at trial, and was in no way damaging to this appellant." In essence, that was an application of Rule 45, ARAP.
We have examined the facts set out in the opinion of the Court of Criminal Appeals and the facts the petitioner sets out in his motion under Rule 39(k), ARAP, which he filed in the Court of Criminal Appeals, and for a better understanding of the facts surrounding the introduction of the prior inconsistent statement made by the witness Sullivan, we have also examined the original record of the proceedings in the Court of Criminal Appeals. After our examination of that record, the facts in the opinion and the facts petitioner sought to have included in the opinion under Rule 39(k), we find that it is undisputed that the witness Sullivan testified on direct examination that the appellant was seen with the gun in his hand.
For a better understanding of the Court of Criminal Appeals' statement in its opinion that "... Sullivan, though he denied [at trial] that he saw the appellant shoot the rifle, did admit that he saw the appellant with the rifle in question at the time of the shooting," we must examine the record.
The record indicates that Sullivan had been called as a state witness and when, on direct, he stated "I didn't see anybody do any shooting", the State's attorney claimed "surprise" and sought to show that Sullivan had made a prior inconsistent statement to a police officer named Gaut. The jury was excused from the courtroom, voir dire was conducted concerning the prior statement, and after the jury's return, Sullivan testified as follows, on direct examination by the State:
"THE COURT: Did you see a gun?
"THE WITNESS: Did I see one?
"THE COURT: Yeah, did you see it?
"THE WITNESS: (Inaudible response)
"Q. Where did you see the gun?
"A. See the gun, in Otis hand.
"Q. Where in Otis' house?
"A. On the street.
"THE COURT: He said in his hands.
"Q. In his hands?
"A. Uh-huh.
"Q. You're telling us you didn't see him shoot?
"A. No, I didn't see him shoot him."
Where a Court of Appeals applies the doctrine of error without injury, this Court will not review the Court of Appeals on applications of that doctrine unless the *126 facts are fully stated in the opinion of that Court. McMullian v. State, 292 Ala. 248, 292 So.2d 129 (1973); Ellis v. State 267 Ala. 235, 100 So.2d 732 (1958), citing Shouse v. State, 258 Ala. 499, 63 So.2d 728 (1953). Where a petitioner asks one of the Courts of Appeal to include additional facts in its opinion and that court declines to do so, we can look at those facts in determining whether that court erroneously applied the harmless error rule. We do not find that the Court of Criminal Appeals erred in applying the harmless error rule in this case.
The judgment is affirmed.
AFFIRMED.
FAULKNER, ALMON and SHORES, JJ., concur.
JONES, J., concurs specially.
TORBERT, C.J., and EMBRY, BEATTY and ADAMS, JJ., dissent.
JONES, Justice (concurring specially).
I concur in the result to affirm. I do not agree with the opinion of the appellate court wherein it is stated: "We are convinced that the admission of the prior inconsistent statement did not supply the jury any new information, but merely attacked Sullivan's credibility at trial, and was in no way damaging to this appellant." Indeed, its only purpose was impeachment and not to supply the jury any new information. Nonetheless, I agree that it was harmless error, in the context of this case, for the other reasons set out in this Court's opinion.
TORBERT, Chief Justice (dissenting).
It is my view that Randolph v. State, 331 So.2d 766 (Ala.Cr.App.), cert. denied, 331 So.2d 771 (Ala.1976), mandates reversal of the judgment of conviction in this case.
EMBRY, BEATTY and ADAMS, JJ., concur.